PARKVIEW MEMORIAL ASSOCIATION v CITY OF LIVONIA

MOUNT HOPE MEMORIAL GARDEN v CITY OF LIVONIA

Docket Nos. 113376, 113377. Submitted November 20, 1989, at Lansing. Decided April 2, 1990. Leave to appeal applied for.

Parkview Memorial Association and Mount Hope Memorial Garden, both Michigan cemetery corporations located in the City of Livonia, Wayne County, own property which is used exclusively as burial grounds, in which tombs are used and reserved for perpetual burial purposes. On April 5, 1988, personal property tax assessment notices were mailed to Parkview and Mount Hope advising them that the tombs used for perpetual burial purposes located on their properties were to be assessed as personal property and that the last date of the meeting of the board of review was on April 3, 1988, two days before the notices of the tax assessments were mailed. On July 5, 1988, Parkview and Mount Hope received tax bills taxing them for the tombs, which had never been taxed before. On July 12, 1988, Parkview and Mount Hope filed petitions with the Michigan Tax Tribunal, naming the City of Livonia and Wayne County as respondents, alleging that the tombs are exempt from the tax because they are used for perpetual burial purposes and that the valuation of the personal property was invalid and excessive. The Tax Tribunal entered an order sua sponte dismissing the appeals on the ground that it has no jurisdiction over the matter because the petitions were untimely since petitioners had notice of the assessment prior to June 30, 1988, and filed their petitions after that date. Petitioners filed separate appeals, which have been consolidated.

The Court of Appeals *held:*

Petitioners' claims should be heard by the Tax Tribunal. Although ordinarily the Tax Tribunal lacks jurisdiction over assessment disputes where no protest has been made before a local board of review, notices of the assessments in these cases were not mailed until after the final meeting of the petitioners'

REFERENCES

Am Jur 2d, State and Local Taxation §§ 390, 784, 786.

See the Index to Annotations under Cemeteries; Personal Property Tax; Taxes; Tombs.

local board of review. Thus, through no fault of their own, petitioners were unable to satisfy this condition precedent and, because their local board of review had not ruled on their assessments, petitioners had nothing to appeal to the tribunal by the June 30, 1988, deadline for appeals. Failure to give petitioners an opportunity to be heard would be a denial of due process.

Reversed and remanded to the Tax Tribunal for further proceedings.

TAXATION — TAX TRIBUNAL — JURISDICTION — UNTIMELY NOTICE OF ASSESSMENT — DUE PROCESS.

Ordinarily the Tax Tribunal lacks jurisdiction over assessment disputes where no protest has been made before the taxpayer's local board of review; however, where notice of assessment is mailed to the taxpayer after the date of the final meeting of the taxpayer's local board of review and to refuse to give the taxpayer an opportunity to be heard would result in a denial of due process, the Tax Tribunal may take jurisdiction over the matter (MCL 205.735, 211.24c[5]; MSA 7.650[35], 7.24[3][5]).

*Fried & Levitt, P.C.* (by *David M. Fried*), for petitioners.

*Samuel A. Turner,* Wayne County Corporation Counsel, and *Richard G. Stanley,* Assistant Corporation Counsel, for respondents.

Before: MURPHY, P.J., and MACKENZIE and CAVANAGH, JJ.

MACKENZIE, J. Petitioners appeal as of right from an order of the Michigan Tax Tribunal dismissing their petitions for review of personal property tax assessments. We reverse and remand.

On April 5, 1988, respondents mailed personal property tax assessment notices to petitioners assessing petitioner Parkview $200,000 and petitioner Mount Hope $50,000 for tombs used or reserved exclusively for perpetual burial purposes located on their lands. Petitioners did not appear before the local board of review to challenge these

assessments because, as indicated on the notices, the last day the board of review convened was April 3, 1988—two days before respondents mailed the assessment notices.

On July 5, 1988, petitioners received tax bills taxing the tombs on their land in accordance with the assessments. Seven days later, on July 12, both petitioners filed in the Tax Tribunal petitions alleging that tombs used and reserved for perpetual burial purposes are exempt from taxation pursuant to MCL 211.7t; MSA 7.7(4q) and that the valuation of personal property was excessive. The Tax Tribunal dismissed the petitions because they were not timely filed.

MCL 211.24c(1); MSA 7.24(3)(1) provides that an assessor shall give to each owner listed on the assessment roll a notice of an increase in assessment for the year. The assessment notice shall be mailed not less than ten days before the meeting of the board of review. MCL 211.24c(5); MSA 7.24(3)(5). However, the failure to send or receive an assessment notice shall not invalidate an assessment. *Id.*

MCL 205.735; MSA 7.650(35) provides in pertinent part:

> (1) A proceeding before the tribunal shall be original and independent and shall be considered de novo. *For an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute* . . . . [Emphasis added.]

Thus, a condition precedent to the Tax Tribunal's exercise of its jurisdiction to review the assessment of petitioners' property was that petitioners pro-

test the assessments to the board of review. The problem in this case is that, because respondents did not notify petitioners of the assessments until *after* the board of review had convened, it was impossible for them to satisfy this condition precedent. Furthermore, because the board of review had not ruled on petitioners' assessments, petitioners had nothing to appeal within the limitations period set forth at MCL 205.735(2); MSA 7.650(35) (2), which provides that "[t]he jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition . . . not later than June 30 of the tax year involved."

In *W & E Burnside, Inc v Bangor Twp,* 77 Mich App 618; 259 NW2d 160 (1977), the plaintiffs were not notified of an increase in their property tax assessment and did not learn of the increase until they received their tax statement, well after the board of review had met. The plaintiffs brought suit in circuit court disputing the assessment increase, but the parties subsequently stipulated to removal of the case to the Tax Tribunal. The Tax Tribunal concluded that it lacked jurisdiction over the plaintiffs' claim because they had not protested the assessment before the board of review. On appeal, this Court agreed that the Tax Tribunal lacked jurisdiction over the assessment dispute under MCL 205.735(1); MSA 7.650(35)(1) because no protest had been made before the board of review. See 77 Mich App 624-625. However, the panel recognized that the purpose of a notice of an increased assessment is to give an opportunity to protest and be heard and that "[t]his analysis leaves taxpayers such as plaintiffs without a remedy and gives no effect to the notice statute." 77 Mich App 622-623. Because a fact issue remained as to whether the plaintiffs were entitled to notice under a since-repealed statutory notice provision,

this Court remanded to the circuit court for resolution of the dispute. 77 Mich App 623.

The Supreme Court summarily reversed the *Burnside* decision and remanded to the Tax Tribunal for a determination whether the plaintiff was entitled to notice, and, if the notice statute was satisfied, a "determin[ation] whether or not the assessment increase was excessive . . . . 402 Mich 9501 (1978). The remedy of remanding to the Tax Tribunal for plenary consideration was fashioned despite the protest requirement of MCL 205.735(1); MSA 7.650(35)(1). It was also fashioned despite the fact that the limitations period for review of the assessment under MCL 205.735(2); MSA 7.650(35)(2) had long expired.

We adopt the Supreme Court's remedial approach in *Burnside* here. Respondents' notices of assessment were sent in violation of MCL 211.24c(5); MSA 7.24(3)(5). Under that statute the assessments remain valid. Nevertheless, respondents' late notices were not given in a manner reasonably calculated under all the circumstances to apprise petitioners of the assessments and to afford them an opportunity to be heard. See *Bickler v Dep't of Treasury,* 180 Mich App 205, 211; 446 NW2d 644 (1989). Petitioners will thus be denied due process unless they are given an opportunity to be heard. *Id.* Under the Supreme Court's *Burnside* decision, petitioners are not entitled to challenge the assessments in circuit court despite respondents' improper notice. Based on these considerations and consistent with the Supreme Court's *Burnside* decision, we conclude that petitioners' claims should be heard by the Tax Tribunal.

We recognize that MCL 205.735; MSA 7.650(35) refers to the tribunal's "acquiring jurisdiction" after protest and also refers to petitioners "invok-

ing jurisdiction" by filing a petition within certain time limits. Additionally, we recognize that no court or tribunal has the power to waive or consent to jurisdiction when jurisdiction is lacking. Although MCL 205.735; MSA 7.650(35) is couched in jurisdictional terms, however, we do not read that statute as defining the subject-matter jurisdiction of the Tax Tribunal; the jurisdiction of the tribunal is set forth at MCL 205.731; MSA 7.650(31). Instead, we read the "jurisdictional" requirements of MCL 205.735; MSA 7.650(35)—including the protest requirement of subsection (1) and the requirement set forth in subsection (2) that petitions regarding an assessment dispute be filed not later than June 30 of the tax year—as procedural requirements for perfecting an appeal in the Tax Tribunal. See generally *Paisley v Mullet Twp,* 4 MTTR 471 (Docket No. 100389, Sept. 23, 1986). The protest requirement is a codification of the doctrine of exhaustion of remedies. The June 30 deadline is a statutory time limitation. These doctrines are normally available as affirmative defenses which would bar assertion of a claim. *Id.* Neither doctrine, however, is a limitation on the subject-matter jurisdiction of the tribunal before which the claim is asserted.

Considering the requirements of MCL 205.735; MSA 7.650(35) as procedural requirements for the perfection of an appeal of an assessment is consistent with the remedy fashioned for the plaintiffs in the Supreme Court's *Burnside* decision. It affords taxpayers such as petitioners and the *Burnside* plaintiffs, who demonstrate that they have been deprived of notice of an assessment in time to protest before the board of review, an opportunity to obtain a review of the assessment in the Tax Tribunal.

On remand, the Tax Tribunal shall assume sub-

ject-matter jurisdiction over petitioners' assessment disputes.

Reversed and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.