# STATE OF MICHIGAN

# COURT OF APPEALS

HALF PIPE, LLC,

Petitioner-Appellant,

v

TOWNSHIP OF LIVINGSTON,

Respondent-Appellee.

UNPUBLISHED
April 25, 2017

No.  329197
Michigan Tax Tribunal
LC No.  14-001723-TT

Before:  Ronayne Krause, P.J., and O'Connell and Meter, JJ.

Per Curiam.

Petitioner appeals by right from the portion of the consent judgment entered by the Michigan Tax Tribunal that denied petitioner's challenge to the 2013 tax year assessment on his property.  The Tax Tribunal granted petitioner relief, pursuant to the parties' stipulation, for the 2014 and 2015 tax years, but held that because petitioner's petition was untimely after he received notice of the 2013 assessment, the Tax Tribunal lacked jurisdiction over the 2013 assessment.  We reverse and remand for entry of the parties' stipulated consent judgment in its original form to which the parties agreed.

The property at issue is vacant commercial real estate that has been on the market for some considerable time.  Petitioner contends that the property was seriously over-valued at the time petitioner acquired it.  The deed prepared by petitioner's attorney bore an incorrect address; respondent mailed tax assessment notices to that address, and petitioner never received them.  At some point, petitioner called the township assessor to inquire into the property's tax information, and on March 6, 2014, respondent faxed a copy of the tax assessment to petitioner.  Petitioner immediately initiated proceedings in the March 2014 Board of Review to challenge the 2013 and 2014 assessments.  Obtaining no relief, petitioner appealed to the Tax Tribunal on May 23, 2014.  Primarily at issue in this appeal is the Tax Tribunal's determination, citing MCL 211.27b(6)[1] and

---

[1] We will not further discuss MCL 211.27b(6) because it is obviously inapplicable; by its own terms, appeals under that section are limited to "whether a transfer of ownership has occurred" or the correction of arithmetical errors, and expressly *not* valuation disputes.  It is exceedingly difficult to understand how the Tax Tribunal could have possibly considered this matter to be anything other than a valuation dispute, and indeed both parties essentially describe it as such.

-1-

MCL 205.735a(6) that, because petitioner failed to commence its appeal within 35 days of receiving the fax, the Tax Tribunal's subject-matter jurisdiction was not invoked for the 2013 tax year and therefore it was powerless to grant petitioner any relief for that year.

Questions of law, including issues of statutory interpretation, are reviewed de novo. *Michigan Properties LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012). Factual findings made by the Tax Tribunal "are final if they are supported by competent, material, and substantial evidence on the whole record," and the Tax Tribunal's final decisions are likewise final "[i]n the absence of fraud, error of law or the adoption of wrong principles." *Id*. at 527-528. Constitutional issues are also reviewed de novo. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008). Finally, we also review de novo the determination of the existence of subject-matter jurisdiction. *Steiner School v Ann Arbor Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999).

The time requirements in MCL 205.735, and therefore by implication MCL 205.735a, which applies to proceedings commenced after December 31, 2006, are jurisdictional. *Electronic Data Systems Corp v Twp of Flint*, 253 Mich App 538, 542-544; 656 NW2d 215 (2002). Consequently, if a petitioner fails to comply with the timing requirements therein without complying with another section that otherwise confers jurisdiction, the Tax Tribunal has no power to consider the petition. *Id*. However, that "jurisdiction" is in the nature of perfecting an appeal; the *invocation* of the Tax Tribunal's jurisdiction. *Parkview Mem Ass'n v City of Livonia*, 183 Mich App 116, 120-121; 454 NW2d 169 (1990). Strictly speaking, "subject-matter jurisdiction" does not refer to the power to adjudicate any particular case, but rather whether the court in the abstract has the power to adjudicate that class of cases or matters of a particular legal nature. *Joy v Two-Bit Corp*, 287 Mich 244, 253-254; 283 NW 45 (1938). The Tax Tribunal's true subject matter jurisdiction is set forth in MCL 205.731 and unambiguously includes the kind of dispute at issue here.

We therefore find it unnecessary to delve into the quagmire of whether, under the odd circumstances of this case, petitioner did in fact comply with the procedural requirements of MCL 205.735a. The Tax Tribunal had subject matter jurisdiction over the kind of case at bar. There is a vast difference between want of jurisdiction and erroneous exercise of jurisdiction: the former renders a judgment void, the latter can only be attacked on appeal. See *Clohset v No Name Corp*, 302 Mich App 550, 563-564; 840 NW2d 375 (2013). Critically, a court is empowered to enter a consent judgment in a case properly before it even if some elements of that judgment would otherwise exceed the court's jurisdiction. See *Clohset* generally. We need not consider whether the Tax Tribunal should have entertained petitioner's petition to the extent it addressed the 2013 tax year; rather, we find that the Tax Tribunal critically erred when it refused to enter the parties' *stipulated consent judgment* as the parties agreed to it. Doing so would not

have violated the Tax Tribunal's jurisdiction, because the case itself was properly within the penumbra thereof.

We therefore reverse the Tax Tribunal's judgment and remand for entry of the parties' stipulated consent judgment in its original form to which the parties agreed. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter