*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SIXARP, LLC, doing business as PRAXIS PACKAGING SOLUTIONS,

Petitioner-Appellant,

v

TOWNSHIP OF BYRON,

Respondent-Appellee.

FOR PUBLICATION
August 22, 2023
9:00 a.m.

No. 361888
Tax Tribunal
LC No. 21-000523-TT

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

HOOD, P.J.

Petitioner, SIXARP, LLC, doing business as Praxis Packaging Solutions (Praxis), appeals as of right the order of the Michigan Tax Tribunal (MTT) denying Praxis's motion for partial summary disposition and granting summary disposition in favor of respondent, the Township of Byron (Byron Township). We reverse and remand for further proceedings.

## I. BACKGROUND

This case originates from a decision denying Praxis a tax exemption for personal property, known as the eligible manufacturing personal property (EMPP) tax exemption. Praxis provides packaging services for consumer products, handling packaging primarily for over-the-counter products and prescription pharmaceuticals, cosmetics, foods, and beverages. It operates a manufacturing plant in Byron Township, where it uses various production processes, equipment, and technology to convert those products into finished goods. The manufacturing equipment that Praxis uses at the Byron Township facility is the subject of its attempt to obtain the EMPP tax exemption.

-1-

In February 2021, Praxis applied for the EMPP exemption related to its equipment by filing a combined document.[1] On February 9, 2021, Timothy Baker, Byron Township's assessor, denied Praxis's request for the EMPP tax exemption. The denial form explained an EMPP exemption request should be denied where the personal property at issue does not "meet the eligibility requirement requirements of MCL 211.9m and MCL 211.9n." The form explained the assessor "must notify the taxpayer of the denial and their right to appeal."

Baker denied Praxis's exemption request because he found Praxis's equipment did not meet the definition of eligible manufacturing personal property as that term is defined in MCL 211.9m and MCL 211.9n. His full explanation provided:

> I certify that based on my review, the qualified new personal property and/or the qualified existing personal property claimed on Form 5278 does not meet the definition of Eligible Manufacturing Personal Property as defined by MCL 211.9m and/or MCL 211.9n, therefore the Eligible Manufacturing Personal Property exemption is denied.

The denial also included a notice of appeal rights. It stated:

> **Notification of Taxpayers Right of Appeal**
>
> A taxpayer who timely and properly filed Form 5278 may appeal an assessor's denial of the EMPP exemption to the March Board of Review under MCL 211.30. In the case of a qualified error as defined in MCL 211.53b, an appeal may be made to the July or December Board of Review. The July or December Board of Review may not hear an appeal of a denial of the exemption from the March Board of Review.
>
> Filing a protest with the Board of Review is necessary to protect your right to further appeal an EMPP exemption dispute to the Michigan Tax Tribunal. Michigan Tax Tribunal forms are available at www.michigan.gov/taxtrib.

---

[1] A taxpayer must claim an EMPP tax exemption in a "combined document." See MCL 211.9m(2). "The combined document shall be in a form and manner prescribed by the department of treasury." MCL 211.9m(2)(a). Further, MCL 2119.m(2)(c) provides:

> The combined document prescribed in this section must be completed and delivered to the assessor of the township or city in which the qualified new personal property is located by February 20 of each year . . . . If the combined document prescribed in this section is not timely delivered to the assessor of the township or city, a late application may be filed directly with the March board of review before its final adjournment by submitting the combined document prescribed in this section. The board of review shall not accept a filing after adjournment of its March meeting. An appeal of a denial by the March board of review may be made by filing a petition with the Michigan tax tribunal within 35 days of the denial notice.

On February 17, 2021, the assessor's office mailed Praxis a notice of assessment indicating that the March Board of Review would meet on March 8, 2021, and March 9, 2021. It informed Praxis that it could appeal to the Board any values it believed incorrect. It also provided a telephone number to call "before March 5 for an appointment with the Board of Review" and indicated that meetings could be attended "either in person, virtual, or by letter appeal." The notice of assessment further indicated that "letter appeals must be received by March 5, 2021," and provided the location of the Board's meetings. It also stated that a protest to the Board was necessary to protect Praxis's right to "further appeal valuation and exemption disputes" to the MTT.

On February 21, 2021, February 23, 2021, and February 25, 2021, the Grand Rapids Press published the March Board of Review's meeting schedule. The postings indicated that the Board would "convene on the 8th day of March, 2021 and shall sit not less than three calendar days to review the 2021 Assessment Roll of the Township of Byron and to hear complaints of persons considering themselves aggrieved by these values." They also indicated that taxpayers could file a "protest by letter without a personal appearance . . . ." The newspaper postings provided the location of the Board's meeting, as well as the days and times: March 8, 2021, from 9:00 a.m. to 5:30 p.m. and March 9, 2021, from 1:00 p.m. to 9:00 p.m. At the bottom of the posting, it stated that appointments with the Board could "be made by contacting the Assessor's Office from March 1th [sic] through March 10th."

On February 23, 2021, Praxis received notice of Baker's EMPP tax exemption denial. On February 26, 2021, Timothy Karsten, Praxis's finance controller from August 2000 until November 2021, contacted Baker to provide notice of Praxis's appeal of the exemption denial, request a hearing date, and learn the requirements for an appeal. According to Karsten, instead of providing a hearing date or the Board's schedule, Baker told Karsten to email a letter appeal. Baker, Karsten said, did not provide a deadline for submission of the letter. Karsten also indicated that Baker did not state that refiling the combined document was necessary for the appeal.

Praxis retained Lisa Pohl, a financial services professional, to handle Praxis's appeal of the EMPP exemption denial. Karsten advised Pohl of his communications with Baker, including the instructions Baker provided for filing an appeal. Karsten emailed Pohl about his February 26, 2021 conversation with Baker, indicating that Baker suggested submitting a letter appeal instead of appearing in-person, but did not provide a deadline for submission.

In early March 2021, Pohl left a voicemail for Baker. She advised him that she was handling Praxis's appeal of the exemption denial, expressed her unfamiliarity with letter appeals, asked about appeal procedures and deadlines, and requested an in-person hearing with the March Board of Review. On March 2, 2021, Baker returned Pohl's call and left a voicemail. According to Pohl's uncertified transcription of the voicemail, Baker stated:

> Hi Lisa, this is Tim Baker from Byron Township Assessing. I am returning your phone call. The, uh, to your question as far as the, uh, assessment, yeah, I think the letter appeal would be the best. Just state your arguments and, uh, and then send in a letter form. We need to get you a petition, so you can sign the petition so there's something a little more formal with it. Um, so, if you can, um send me an e-mail, um, with your letter, and then I can send back a petition for you to sign.

-3-

Um, I'd also need you to include the agency agreement you have with the, uh, um, owners of the personal property. My, uh, e-mail that you can send it to, and it's a general e-mail, is assessor – a-s-s-e-s-s-o-r-@byrontownship, all spelled out, .o-r-g. And then give me a call if you have any, uh, additional questions. Thank you. Bye.

Baker did not provide a hearing date for the appeal, a deadline for filing the appeal, or the Board's meeting schedule. He also failed to advise Pohl that Praxis had to refile the combined document with the Board to perfect its appeal.

On March 2, 2021, the same day as Baker's voicemail, the March Board of Review held its first meeting. According to Baker, "[t]his first meeting was an organization meeting where the certified Assessment Rolls were received and initial corrections made." On March 8, 2021, and March 9, 2021, the Board held its second and third meetings, where it heard appeals about valuation and exemption status. It adjourned at 9:00 p.m. on March 9, 2021, because "all in person, virtual, and letter appeals had been heard and resolved." Baker attended all sessions of the 2021 March Board of Review and had reviewed all personal property parcels before the Board. He stated that none of Praxis's representatives appeared before the March 2021 Board, nor did Praxis file any documentation.

Pohl prepared a letter on Praxis's behalf—based on Baker's instructional voicemail—and emailed it to Baker on March 10, 2021. The letter explained the basis for Praxis's appeal of the exemption denial. Pohl believed Baker, based on his voicemail, would send her a petition to complete after she sent the necessary documents, but he never did. Instead, on March 11, 2021, Baker emailed Pohl stating: "I am sorry, but the March Board of Review has adjourned at 9:00 p.m. on 3/9/2021[.]" "Within minutes of receiving" Baker's email, Pohl responded, stating:

> The taxpayer requested a hearing and you did not give them one. You told the taxpayer to remit a letter without providing a due date. You communicated with me and did not provide a due date. The assessor guidelines do not indicate that an assessor cannot consider an appeal if it [is] not filed by the time of the last hearing for the March Board of Review.
>
> You were on notice that the taxpayer was going to appeal. The taxpayer followed your directions. What recourse does the taxpayer have for following your directions and being denied the exemption?

According to Pohl, Baker never responded to her email, and she did not receive any further communication from him. Neither the March Board of Review, nor Byron Township, ever contacted her about Praxis's appeal of the exemption denial.

In an affidavit, Baker stated that although he had "verbal discussions with [Praxis]" about the exemption denial, he "never informed [Praxis] that [he] would take an appeal of the denial" to the Board. He also stated that he "never . . . indicated that anything less than an in person appearance, virtual appearance, or letter appeal would be sufficient to bring the matter before the March Board."

-4-

Relevant to Byron Township's arguments below and on appeal, the assessor's office sent several notices to Praxis or posted them in public spaces. These notices provided the March Board of Review's meeting schedule. They included a posting on the Byron Township website, a posting on the township hall, and a posting in the Grand Rapids Press on February 21, 2021, February 23, 2021, and February 25, 2021. The dates posted on the website and on the township hall were consistent with those in the notice of assessment. The posting in the Grand Rapids Press also included those dates. As noted, the newspaper postings also indicated that "Board of Review appointments may be made by contacting the Assessor's Office from March 1th [sic] through March 10th."

In mid-April 2021, Praxis filed a petition with the MTT, raising five claims. Four of the claims alleged violations of Praxis's right to due process, related to failures by Baker in providing notice to Praxis about its appeal rights. These alleged failures included failing to notify Praxis of the Board's meeting schedule and appeal deadlines, and failing to provide an adequate explanation for the exemption denial. Praxis's fifth claim asserted that it qualified for the EMPP exemption.

After answering Praxis's complaint, largely denying the allegations and raising several affirmative defenses, Byron Township, in mid-December 2021, moved for summary disposition under MCR 2.116(C)(4) and (C)(10). Byron Township argued that it provided Praxis sufficient notice and an opportunity to be heard after denying its EMPP exemption request, but Praxis failed to appeal the denial to the Board of Review before seeking relief in the MTT. This, Byron Township argued, deprived the MTT of jurisdiction over Praxis's petition. Byron Township asserted that its written notice of the exemption complied with MCL 211.9m and MCL 211.9n, and provided an adequate explanation for the denial. It also argued that Praxis's arguments were based on language not present in those statutory provisions.

Praxis also moved for partial summary disposition under MCR 2.116(C)(10). Praxis argued that Byron Township's exemption denial contained "canned language" that was "highly ambiguous" and did not actually inform Praxis of the reason for the denial. It also argued that Baker failed to comply with MCL 211.9m(3) and MCL 211.9n(3) when he failed to inform Praxis that it had to re-file its combined document to perfect its appeal to the March Board of Review. Praxis contended that Byron Township failed to notify it of the Board's meeting schedule and the deadline to protest. It insisted that because Byron Township failed to follow the notice requirements in MCL 211.9m and MCL 211.9n, it deprived Praxis of its right to appear before the March Board of Review. Praxis argued that, as a result, the MTT should have jurisdiction over Praxis's claims. It also argued that, alternatively, Byron Township's actions violated Praxis's due-process rights.

Before a decision from the MTT on the competing dispositive motions, Praxis applied for the EMPP exemption for the 2022 tax year. Byron Township again denied the exemption. Its denial notice had changed, however. Compared to the 2021 denial notice, the 2022 denial notice provided a more detailed explanation of the reason for the denial. Namely, it provided several options for the assessor to mark to explain the denial. In 2022, the assessor made an "X" mark next to an explanation stating: "You did not entirely own, lease, or occupy the real property upon which the personal property at issue was located as required by MCL 211.9m(6)(c) & (g)." The denial notice also expanded the portion related to the right to appeal, stating:

If you timely and properly filed Form 5278, a protest to appeal may be filed with the Byron Township 2022 March Board of Review. A proper and timely protest to the Byron Township 2022 March Board of Review is necessary to retain your right to appeal to the Michigan Tax Tribunal. A protest to the March Board of Review must be made pursuant to the requirements of MCL 211.9m, MCL 211.9n, and MCL 211.30. This includes, but is not limited to, filing Form 5278 with the March Board of Review before its final meeting. For the 2022 tax year the Byron Township March Board of Review will meet as follows: **DATES**

**March 14, 2022 9:00am-5:30pm**

**March 15, 2022 1:00pm-9:00pm**[.]

In early March 2022, Praxis filed a letter protest with the March Board of Review contesting the denial of its 2022 EMPP exemption request, and providing information to support that it qualified for the exemption. The March Board of Review evaluated Praxis's appeal and concluded that its equipment qualified for the EMPP exemption.

After responses from both parties, in mid-April 2022, and without a hearing, the MTT denied Praxis's motion for partial summary disposition and granted Byron Township's motion for summary disposition. Regarding Praxis's argument that the explanation for the denial was inadequate, the MTT concluded that Praxis failed to demonstrate that MCL 211.9m(3) and MCL 211.9n(3) required a "more specific answer" and the language of the denial "mirror[ed]" the language in both provisions. Next, the MTT concluded that Praxis "was not deprived of any rights as a result" of Byron Township's decision not to inform Praxis that it had to "re-file the combined document with the [Board of Review]." The MTT found that Praxis's appeal was "not considered because it was not timely filed, not because [it] failed to file the combined document." The MTT also rejected Praxis's contention that it did not receive notice of the Board of Review's meeting schedule, noting that this information was "explicitly" provided in the notice of assessment. It also found that the notice of assessment informed Praxis that it could appeal in-person, virtually, or by appeal letter.

The MTT concluded that it lacked jurisdiction to address Praxis's argument that its equipment qualified for the EMPP exemption because Praxis did not appear before the March Board of Review. The MTT found that Praxis's failure to protest the exemption denial to the Board of Review deprived the MTT of jurisdiction and, thus, summary disposition was appropriate under MCR 2.116(C)(4), in Byron Township's favor. It concluded, however, that summary disposition under MCR 2.116(C)(10) was "not appropriate because significant facts remain in dispute with respect to whether the subject property meets the definition of EMPP." Praxis moved for reconsideration, which the MTT denied. This appeal followed.

## II. STANDARDS OF REVIEW

"Unless there is fraud, this Court's review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle." *West Mich Annual Conference of the United Methodist Church v Grand Rapids*, 336 Mich App 132, 137; 969 NW2d 813 (2021) (quotation marks and citation omitted). "The issue of subject-matter jurisdiction

presented in this case involves questions of statutory interpretation and constitutional law, which we review de novo." *Wells Fargo Rail Corp v State of Michigan*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359399); slip op at 3 (citation omitted).

> The goal of statutory interpretation is to determine and apply the intent of the Legislature. The first step in determining legislative intent is to examine the specific language of the statute. If the language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. The provisions of a statute must be read in the context of the entire statute to produce a harmonious whole. This Court must consider the object of the statute and the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. [*Yopek v Brighton Airport Ass'n, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 359065); slip op at 4-5 (quotation marks and citations omitted).]

"Although agency interpretations of a statute are entitled to 'respectful consideration,' 'they are not binding on courts and cannot conflict with the plain meaning of the statute.' " *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 586; 977 NW2d 128 (2021) (citation omitted). "We deem the [MTT's] factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record." *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008) (quotation marks and citations omitted).

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition under MCR 2.116(C)(4) is proper when a 'court lacks jurisdiction of the subject matter.' " *Wells Fargo Rail Corp*, ___ Mich App at ___; slip op at 3, quoting MCR 2.116(C)(4). "For jurisdictional questions under MCR 2.116(C)(4), this Court determines whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *Wells Fargo Rail Corp*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted).

## III. JURISDICTION OF THE MICHIGAN TAX TRIBUNAL

Praxis argues that the MTT wrongly concluded that it lacked jurisdiction over this case when Byron Township's assessor failed to comply with the notice requirements in MCL 211.9m(3) and MCL 211.9n(3). Praxis contends that, because of the assessor's failure to comply with its statutory obligations, Praxis should be able to bypass the requirement that it first protest to the Board of Review before appealing to the MTT. We agree. Byron Township's notice adequately informed Praxis of the basis for the denial, but it did not adequately inform Praxis of the time or manner for appealing the denial.

## A. THE ELIGIBLE MANUFACTURING PERSONAL PROPERTY TAX EXEMPTION AND RELEVANT STATUTORY PROVISIONS

In December 2012, "initial legislation was passed that significantly changed the taxation of personal property" in Michigan. Michigan Department of Treasury State Tax Commission, *Assessor Guide to Eligible Manufacturing Personal Property Tax Exemption and ESA*, p 4

<https://www.michigan.gov/taxes/property/ppt/personal-property-tax-exemptions> (accessed July 12, 2023). "The Acts, as amended, exempt about ½ of personal property from ad valorem taxation through two main provisions: 1) Small Business Taxpayer Exemption (MCL 211.9o) and 2) [EMPP] Exemption (MCL 211.9m and MCL 211.9n)." *Id.* "MCL 211.9m and MCL 211.9n provide the statutory authority for the [EMPP] Tax Exemption" and are "essentially identical except for the 'type' of personal property they exempt." *Id.* At baseline, "eligible manufacturing personal property" is defined as "all personal property located on occupied real property if that personal property is predominantly used in industrial processing or direct integrated support." MCL 211.9m(6)(c).

MCL 211.9m(1) exempts "qualified new personal property" from the collection of taxes. "Qualified new personal property" is defined as property that is both "eligible manufacturing personal property" and is "new personal property." "New personal property," in turn, is defined as "property that was initially placed in service in this state or outside of this state after December 31, 2012 or that was construction in progress on or after December 31, 2012 that had not been placed in service in this state or outside of this state before 2013." MCL 211.9m(6)(f). "Effectively this means that any eligible manufacturing personal property placed in service in 2013 and after is exempt from ad valorem personal property taxation and subject only to the [Essential Services Assessment]." *Assessor Guide to Eligible Manufacturing Personal Property Tax Exemption and ESA*, p 4.

MCL 211.9n, on the other hand, exempts "qualified previously existing personal property" from the collection of taxes. MCL 211.9n(1). "Qualified previously existing personal property" is defined as personal property that is both "eligible manufacturing personal property" and "[w]as first placed in service within this state or outside this state more than 10 years before the current calendar year." MCL 211.9n(6)(c)(*i*) and (*ii*). "Effectively this means that in 2016, EMPP placed in service in 2005 and earlier is exempt from ad valorem personal property taxation and subject only to the [Essential Services Assessment]." *Assessor Guide to Eligible Manufacturing Personal Property Tax Exemption and ESA*, p 5.

Denials of EMPP exemption requests are covered by MCL 211.9m(3) and MCL 211.9n(3). At the time Praxis requested the EMPP exemption and Byron Township denied it, MCL 211.9m(3) provided:

> If the assessor of the township or city believes that personal property for which the form claiming an exemption is timely filed each year under subsection (2)(c) is not qualified new personal property or the form filed was incomplete, the assessor may deny that claim for exemption by notifying the person that filed the form in writing of the reason for the denial and advising the person that the denial shall[2] be appealed to the board of review under section 30 by filing a combined

---

2 Relevant here, the Legislature amended MCL 211.9m(3) by enacting 2021 PA 153, effective December 27, 2021. After 2021 PA 153, MCL 211.9m(3) read, in relevant part, that the assessor "may deny that claim for exemption by notifying the person that filed the form in writing of the reason for the denial and advising the person that the denial *must* be appealed to the board of

document as prescribed under subsection (2). If the denial is issued after the first meeting of the March board of review that follows the organizational meeting, the appeal of the denial is either to the March board of review or the Michigan tax tribunal by filing a petition and a completed combined document as prescribed under subsection (2), within 35 days of the denial notice. The assessor may deny a claim for exemption under this subsection for the current year only. If the assessor denies a claim for exemption, the assessor shall remove the exemption of that personal property and amend the tax roll to reflect the denial and the local treasurer shall within 30 days of the date of the denial issue a corrected tax bill for any additional taxes. [MCL 211.9m(3) as enacted by 2017 PA 261, effective December 31, 2017; footnote added.]

Similarly, MCL 211.9n(3) provided:

> (3) If the assessor of the township or city believes that personal property for which the form claiming an exemption is timely filed each year under subsection (2)(c) is not qualified previously existing personal property or the form filed was incomplete, the assessor may deny that claim for exemption by notifying the person that filed the form in writing of the reason for the denial and advising the person that the denial, shall be appealed to the board of review under section 30 by filing a combined document as prescribed under subsection (2). If the denial is issued after the first meeting of the March board of review that follows the organizational meeting, the appeal of the denial is either to the March board of review or the Michigan tax tribunal by filing a petition and a completed combined document as prescribed under subsection (2), within 35 days of the denial notice. The assessor may deny a claim for exemption under this subsection for the current year only. If the assessor denies a claim for exemption, the assessor shall remove the exemption of that personal property and amend the tax roll to reflect the denial and the local treasurer shall within 30 days of the date of the denial issue a corrected tax bill for any additional taxes. [MCL 211.9n(3) as enacted by 2017 PA 261, effective December 31, 2017.]

Thus, under MCL 211.9m(3) and MCL 211.9n(3), Byron Township's assessor, Timothy Baker, could deny Praxis's claim for the exemption by notifying it (1) in writing (2) of the reason for the denial and (3) advising Praxis that the denial had to be appealed to the Board of Review under MCL 211.30 by filing a combined document as prescribed under MCL 211.9m(2) and MCL 211.9n(2).

## B. ANALYSIS

---

review under [MCL 211.30] by filing a combined document as prescribed" under MCL 211.9m(2). (Emphasis added). See 2017 PA 261, effective December 31, 2017. Thus, the amended version changed "shall" to "must." The same change was made with respect to MCL 211.9n(3). Compare 2021 PA 154, effective December 27, 2021, with 2017 PA 261, effective December 31, 2017.

Baker denied Praxis's request for the EMPP exemption and issued a written notice to Praxis on February 9, 2021. Baker therefore complied with the first requirement of MCL 211.9m(3), that the denial be made in writing. Praxis maintains that the notice did not provide the reason for the denial. It acknowledges that the denial included an explanation for the denial: that Praxis's equipment did not meet the definition of eligible manufacturing personal property. But it argues that the explanation was so broad as to prevent Praxis from understanding the denial in order to meaningfully contest it. We disagree.

On the one hand, as Praxis notes, determining how its equipment fails to meet the definition of eligible manufacturing personal property requires reference to several statutory provisions. See MCL 211.9m(6)(c). See also MCL 211.9m(6)(b) (defining "direct integrated support" as used in MCL 211.9m(6)(c)) and (e) (defining "industrial processing" as used in MCL 211.9m(6)(c) to be defined as that term is defined in MCL 205.54t and MCL 205.94o). On the other hand, Baker's explanation that Praxis's equipment did not meet the definition of eligible manufacturing personal property *is* "the reason for the denial." See MCL 211.9m(3). The statute does not explicitly require more detail than what was given. And if Praxis believed that its equipment met the definition of eligible manufacturing personal property, then it could have raised that issue with the March Board of Review and demonstrate how it did so. Although more detail would have certainly been helpful for Praxis, the statutory language does not require more detail than what Baker provided Praxis in terms of why he denied the exemption request. We therefore disagree with Praxis that the denial notice did not provide the reason for the denial.

The defect, however, is with the third requirement: notice of the time and manner for appeal. The notice had to advise Praxis that it had to appeal its denial to the Board of Review under MCL 211.30 by filing a combined document as prescribed under MCL 211.9m(2) and MCL 211.9n(2). Baker's denial notice advised Praxis that the denial had to be appealed to the Board of Review under MCL 211.30, but it omitted mention of the requirement that Praxis file a combined document as prescribed by MCL 211.9m(2) and MCL 211.9n(2). This effectively prevented Praxis from complying with the requirements for perfecting its appeal before the March Board of Review.

The MTT found that it was "undisputed" that the denial notice did not advise Praxis that it had to re-file the combined document with the Board of Review. It found, however, that Praxis "was not deprived of any rights as a result" because Praxis's appeal "was not considered because it was not timely filed, not because [Praxis] failed to file the combined document." This was an accurate finding; Praxis's authorized representative, Pohl, sent the letter appeal to Baker on March 10, 2021. But there was conflicting information about the period during which the March Board of Review met. The denial notice explained that "[f]iling a protest with the Board of Review [was] necessary to protect" Praxis's right to "further appeal an EMPP exemption dispute to the [MTT]." The denial also directed Praxis to MCL 211.30, which provides details about when the March Board of Review may meet. See MCL 211.30(1) through (4). Although MCL 211.30(1) indicates that the Board meets on the second Monday in March (in 2021, this was March 8th), MCL 211.30(2) allows a township's governing body to authorize, "by adoption of an ordinance or resolution, alternative starting dates in March when the board of review shall initially meet . . . ." Those alternative starting dates "shall be the Tuesday or Wednesday following the second Monday of March." MCL 211.30(2). (Here, this would have been either March 9, 2021, or March 10, 2021.) Byron Township disavowed the applicability of this alternative start date provision and

-10-

indicated it did not have any such ordinance or resolution allowing an alternative start date for the March Board of Review. Praxis did not present any evidence to the contrary.

Praxis did, however, present evidence suggesting that it received no information about the Board of Review's meeting schedule from Baker, and that Byron Township published conflicting information about that schedule.[3] First, although the denial notice indicated that Praxis had to file a protest with the Board of Review to preserve its right to appeal in the MTT, the denial notice did not include any information about the dates on which the Board of Review met. Second, the notice of assessment provided a meeting schedule for the March Board of Review, indicating it was meeting on March 8, 2021, from 9:00 a.m. to 12:00 p.m., and from 1:00 p.m. to 5:00 p.m. that same day, and on March 9, 2021, from 1:00 p.m. to 5:00 p.m., and from 6:00 p.m. to 9:00 p.m. The notice of assessment also stated that "to appeal these values [provided in the notice of assessment], call 616-878-6033 before March 5[, 2021] for an appointment with the Board of Review." And it stated that "letter appeals must be received by March 5, 2021." Third, and somewhat contrary to the dates in the notice of assessment, the postings in the Grand Rapids Press indicated that appointments for the Board of Review could be made by contacting the Byron Township Assessor's Office from March 1, 2021, through *March 10, 2021* (though it also states that the Board would meet on March 8, 2021, and March 9, 2021). This could be interpreted as the Board of Review was in session until March 10, 2021, or that a taxpayer could make an appointment as late as March 10, 2021. Finally, according to Karsten and Pohl, Baker provided neither of them with the dates on which the Board of Review would meet to handle EMPP exemption denials. He also never provided them with a deadline for filing their letter appeal, despite informing them that submitting a letter appeal to him was the "best" option.

In *Parkview Mem Ass'n v Livonia*, 183 Mich App 116, 117-118; 454 NW2d 169 (1990),[4] the city mailed tax assessment notices to the petitioners two days after the last day on which the board of review met. The *Parkview* Court acknowledged that "a condition precedent to the Tax Tribunal's exercise of its jurisdiction to review the assessment of [the] petitioners' property was that [the] petitioners protest the assessments to the board of review." *Id*. at 118-119. Despite this protest requirement, the *Parkview* Court concluded that the petitioners' claims should be heard, explaining:

> We adopt the Supreme Court's remedial approach in [*W & E Burnside, Inc v Bangor Twp*, 402 Mich 950*l*; 314 NW2d 196 (1978)] here. Respondents' notices

---

[3] Praxis's argument focuses on the defectiveness of the notice Byron Township provided. This encompasses its argument that the dates in the Grand Rapids Press suggested the Board of Review would be in session until March 10, 2021. See *Glasker-Davis v Auvenshire*, 333 Mich App 222, 228; 964 NW2d 809 (2020) ("[S]o long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court.").

[4] Although *Parkview* is not strictly binding pursuant to MCR 7.215(J)(1) because it was issued before November 1, 1990, as a published opinion, it nevertheless "has precedential effect under the rule of stare decisis" pursuant to MCR 7.215(C)(2). See *Legacy Custom Builders, Inc v Rogers*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359213); slip op at 5 n 1.

of assessment were sent in violation of MCL 211.24c(5) [now subsection (4)] . . . . Under that statute the assessments remain valid. Nevertheless, respondents' late notices were not given in a manner reasonably calculated under all the circumstances to apprise petitioners of the assessments and to afford them an opportunity to be heard. Petitioners will thus be denied due process unless they are given an opportunity to be heard. Under the Supreme Court's *Burnside* decision, petitioners are not entitled to challenge the assessments in circuit court despite respondents' improper notice. Based on these considerations and consistent with the Supreme Court's *Burnside* decision, we conclude that petitioners' claims should be heard by the Tax Tribunal. [*Parkview*, 183 Mich App at 120 (citations omitted).]

*Parkview* strongly supports the conclusion that the MTT should hear Praxis's claims. The notices here created confusion about the days on which the Board of Review would meet. Several of the notices indicated that the Board would meet on March 8, 2021, and March 9, 2021. But the newspaper publications—published *after* the notice of assessment was sent to Praxis—indicated that appointments before the Board could be booked from March 1, 2021, through March 10, 2021. The assessor, Baker, compounded the confusion by encouraging Praxis to file a letter appeal but not providing information about the deadline for doing so, despite repeated requests from Karsten and Pohl. Although the notice of assessment indicated that letter appeals had to be filed by March 5, 2021, when Pohl and Karsten contacted Baker about the letter appeal, he never provided them with a deadline by which they had to file the letter appeal.

This Court has followed *Parkview* in *Morehouse v Twp of Mackinaw*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2009 (Docket No. 281483), and *Mich State Univ v Lansing*, unpublished per curiam opinion of the Court of Appeals, issued February 15, 2005 (Docket No. 250813). In *Morehouse*, the petitioners did not receive notice until after the Board of Review met. *Morehouse*, unpub op at 3-4. Following *Parkview*, the *Morehouse* Court affirmed the MTT's decision to hear the case, despite the petitioners' failure to first appeal to the Board of Review. *Id*. at 4. Similarly, in *Mich State Univ*, this Court concluded there was "no evidence to contradict MSU's position" that the notice of assessment "was actually received" after the deadline for it to protest to the Board of Review. *Mich State Univ*, unpub op at 3. The *Mich State Univ* Court affirmed the MTT's exercise of jurisdiction and, citing *Parkview*, concluded that "[i]f a taxing authority can avoid board and tribunal review of assessments by mailing untimely notices, a property owner's due process rights are unquestionably impaired." *Id*. at 5.

Although *Morehouse* and *Mich State Univ* are unpublished, we find them persuasive. See *Barclae v Zarb*, 300 Mich App 455, 469; 834 NW2d 100 (2013) (finding unpublished decision, though not binding, to be "instructive and persuasive" and adopting its analysis). They, along with *Parkview*, support the principle that in instances of inadequate notice, this Court may waive the protest requirement before the Board of Review and allow the case to proceed before the MTT. Based on the conflicting information in the various notices and publications, as well as Baker's failure to provide sufficient information about the deadline for filing the letter appeal, and his failure to inform Praxis of the need to re-file its combined document, these circumstances warrant waiver of the protest requirement. Accordingly, we remand to the MTT for the case to proceed as if the protest requirement were satisfied.

## IV. DUE PROCESS

Praxis argues that Byron Township deprived it of due process when its assessor failed to comply with the provisions of MCL 211.9m(3) and MCL 211.9n(3). To remedy this deprivation, Praxis argues, the MTT should be vested with jurisdiction to consider Praxis's exemption claim. We agree.

"Courts examine procedural due process questions in two steps: first, we ask whether the State has interfered with a protected liberty or property interest; second, we inquire whether the procedures leading to the deprivation of that interest were constitutionally sufficient." *Duckett v Solky*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357346); slip op at 6, citing *Kentucky Dep't of Corrections v Thompson*, 490 US 454, 460; 109 S Ct 1904; 104 L Ed 2d 506 (1989). Regarding the first inquiry, the parties do not dispute that there was a property interest at stake that implicates due process. Regarding the second inquiry, "[f]undamentally, due process requires that a party receive notice of the proceedings and a meaningful opportunity to be heard." *Wells Fargo Rail Corp*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted). "To comport with these procedural safeguards, the opportunity to be heard must be granted at a meaningful time and in a meaningful manner." *Bonner v Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014) (quotation marks and citation omitted).

Praxis does not contend that MCL 211.9m(3) and MCL 211.9n(3) on their face provide insufficient notice and an opportunity to be heard. Rather, it argues that the failure to follow these adequate procedures amounts to a violation of due process. Both provisions require the assessor to notify the taxpayer in writing of an exemption denial, with an explanation for the denial and with information about how to perfect an appeal with the Board of Review. See MCL 211.9m(3); MCL 211.9n(3). These provisions, on their face, comport with due process. The issue here is whether the application of these statutes in this particular case violated Praxis's right to due process. For the reasons already articulated, we conclude that it did.

To briefly restate, the assessor failed to inform Praxis that it had to re-file its combined document to perfect its appeal before the Board of Review, as required under MCL 211.9m(3) and MCL 211.9n(3). There was also conflicting information about the Board's exact schedule, namely there was a question of whether it would meet on March 10, 2021, based on the posting in the Grand Rapids Press. And Baker, the assessor, never provided Praxis's representatives with the Board's schedule or the deadline for protesting to the Board of Review, despite multiple requests from them. So, although MCL 211.9m(3) and MCL 211.9n(3) facially comport with due process, Byron Township failed to comply with the obligations imposed by the statutes and, therefore, it deprived Praxis of due process. Allowing the MTT to hear this case as a matter of equity, despite Praxis's failure to first protest to the Board of Review, remedies this deprivation. See *Wells Fargo Rail Corp*, ___ Mich App at ___; slip op at 11-12 (recognizing courts' equitable power that "has traditionally been reserved for unusual circumstances" and applying equitable tolling to toll the period of limitations as a matter of equity) (quotation marks and citation omitted).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

-13-