**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 14, 2004**

HIGHLAND-HOWELL DEVELOPMENT CO, LLC,

    Plaintiff-Appellee,

v                                 No. 122843

TOWNSHIP OF MARION,

    Defendant-Appellant.

_____

**BEFORE THE ENTIRE BENCH**

**CAVANAGH, J.**

The Tax Tribunal Act, MCL 205.701 *et seq.*, defines the exclusive and original jurisdiction of the Michigan Tax Tribunal as review of a final decision "of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization under property tax laws." MCL 205.731(a). Plaintiff's complaint contained a count alleging that defendant breached a promise to construct a sewer line through plaintiff's property. The issue before us is whether the circuit court has

jurisdiction to hear this claim or whether it lies within the exclusive jurisdiction of the Tax Tribunal. We affirm the Court of Appeals holding that plaintiff's claim for breach of promise falls outside the exclusive jurisdiction of the Tax Tribunal.

## I. FACTS AND PROCEEDINGS

Count I of plaintiff's first amended complaint sought damages for an alleged breach of promise and for the adoption of "a special assessment roll which allocated a disproportionate share of the cost of the sewer improvements to Plaintiff's property." Plaintiff's complaint alleged that defendant promised to construct a sewer line through certain property and plaintiff relied on that promise in making several decisions, including purchasing the property and declining sewer service from the city of Howell. Count II of the complaint challenged the validity of the special assessment.

Defendant's motion for summary disposition argued that plaintiff's claim should be dismissed pursuant to MCR 2.116(C)(4) because it was within the exclusive jurisdiction of the Michigan Tax Tribunal, as well as under MCR 2.116(C)(8) because count I failed to state a claim upon which relief could be granted. The trial court granted defendant's C(4) motion and dismissed both counts.

Plaintiff appealed the dismissal of count I. The Court of Appeals considered the scope of the Tax Tribunal's exclusive jurisdiction and concluded that because count I of plaintiff's complaint fell outside the Tax Tribunal's jurisdiction, the trial court's grant of summary disposition pursuant to MCR 2.116(C)(4) was premature.[1] Defendant sought leave to appeal, claiming that the Court of Appeals erred.[2] We granted defendant's application for leave.[3]

## II. STANDARD OF REVIEW

The trial court granted defendant's motion for summary disposition on the basis of its interpretation of the jurisdictional provisions of the Tax Tribunal Act, MCL 205.731. The issue of subject-matter jurisdiction in this case turns on the interpretation of the provisions of a statute. Issues of statutory interpretation are reviewed

---

[1] Unpublished opinion per curiam issued November 19, 2002 (Docket No. 231937).

[2] The trial court did not rule on defendant's MCR 2.116(C)(8) motion, having instead ruled in favor of defendant on its C(4) motion. However, the Court of Appeals examined defendant's C(8) motion because it "present[ed] an alternate basis for affirming the trial court's decision." Slip op at 3. The Court of Appeals held that summary disposition pursuant to defendant's C(8) motion likewise would have been premature, but defendant did not appeal that decision to this Court. Defendant only appealed the C(4) jurisdictional issue.

[3] 468 Mich 942 (2003).

3

de novo. *American Federation of State, Co & Municipal Employees v Detroit*, 468 Mich 388, 398; 662 NW2d 695 (2003). Likewise, this Court reviews the grant or denial of summary disposition de novo. *Id.*

### III. ANALYSIS

We must determine whether plaintiff's claim for damages resulting from defendant's alleged breached promise to construct a sewer line is within the original and exclusive jurisdiction of the Tax Tribunal, as delineated in the Tax Tribunal Act, MCL 205.731. We follow the analysis employed by the Court of Appeals to determine the scope of the Tax Tribunal's exclusive jurisdiction.

Section 31 of the Tax Tribunal Act provides:

The tribunal's exclusive and original jurisdiction shall be:

(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

(b) A proceeding for refund or redetermination of a tax under the property tax laws.

The language of the statute limits the Tax Tribunal's exclusive jurisdiction to matters "relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws." Plaintiff's claims for breaches of promise or contract are not within the

4

scope of the statutory provision, and therefore are within the circuit court's jurisdiction.[4]

In 1982, this Court examined the scope of the Tax Tribunal's exclusive jurisdiction in two cases: *Wikman v Novi*, 413 Mich 617; 322 NW2d 103 (1982), and *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728; 322 NW2d 152 (1982).

In *Wikman*, the plaintiffs sought injunctive relief in the circuit court, alleging that the special assessments imposed on them had been determined in an arbitrary and capricious manner. This Court ruled, inter alia, that the challenge to the special assessments was within the exclusive jurisdiction of the Tax Tribunal because the action was one "seeking direct review of the governmental unit's decision concerning a special assessment for a public improvement." *Wikman* at 626.

Unlike the direct challenge to the special assessment in *Wikman*, the plaintiffs in *Romulus City Treasurer* filed a constructive fraud claim in the circuit court, challenging the drain commissioner's use of funds collected through special assessments. This Court held that the circuit

---

[4] Paragraph 9 of plaintiff's first amended complaint alleges that the special assessment roll allocated a "disproportionate" share of the cost of improvements to plaintiff's property. This allegation is within the Tax Tribunal's exclusive and original jurisdiction pursuant to *Wikman v Novi*, 413 Mich 617; 322 NW2d 103 (1982).

court had jurisdiction to hear the case because the question was whether the drain commissioner could pay administrative costs with special assessment funds and, therefore, this question was outside the exclusive jurisdiction of the Tax Tribunal.

In reaching the decision in *Romulus City Treasurer*, this Court noted that MCL 205.721 designates the Tax Tribunal as a "'quasi-judicial agency'" comprised of seven members; only two must be attorneys with experience either in property tax matters or in the discharge of a judicial or quasi-judicial office. *Romulus City Treasurer* at 737. In addition,

> [o]ne member must be a certified assessor; one, an experienced professional real estate appraiser; and one, a certified public accountant with experience in state-local tax matters. Not more than three of the seven members are to be members of any one professional discipline and persons who are not members of any of the enumerated disciplines are required to have experience in state or local tax matters.
>
> The expertise of the tribunal members can be seen to relate primarily to questions concerning the factual underpinnings of taxes. [*Id.*]

This Court also noted that the Tax Tribunal's membership is qualified to resolve disputes concerning assessments, valuations, rates, allocation, and equalization, as well as to determine whether special assessments are levied according to the benefits received. *Id.*

While the Tax Tribunal's membership is particularly competent to resolve disputes related to the basis for and amounts of taxes, its membership is not qualified to resolve common-law tort or contract claims. Clearly, this supports our conclusion that the Legislature did not intend the Tax Tribunal's exclusive jurisdiction to encompass matters outside the realm of those tax matters specified in the statute.

## IV. CONCLUSION

While we express no opinion on whether plaintiff's claim can withstand a summary disposition motion on the basis of MCR 2.116(C)(8), we do find that, except for the allegations contained in paragraph 9, count I of plaintiff's first amended complaint alleged issues of law outside the exclusive jurisdiction of the Tax Tribunal. Common-law tort and contract claims are not within the exclusive and original jurisdiction of the Tax Tribunal, as defined by MCL 205.731. We affirm the ruling of the Court of Appeals and remand this case to the circuit court.

Michael F. Cavanagh
Maura D. Corrigan
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

7