# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 29, 2007

130698

HIGHLAND-HOWELL DEVELOPMENT
COMPANY, LLC,
          Petitioner-Appellant,

v

TOWNSHIP OF MARION,
          Respondent-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130698
COA: 262437
MTT: 00-307906

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we hereby REVERSE the judgment of the Court of Appeals and REMAND this case to the Michigan Tax Tribunal for it to determine whether the special assessment levied against petitioner's property is proportionate to the benefit to the property.

In 1996, respondent township levied a special assessment against petitioner's property in the amount of $3.25 million for a sanitary sewer project that included a trunk line across petitioner's property. In 1998, petitioner discovered that the township had unofficially eliminated the trunk line across petitioner's property from the project sometime after the time for challenging the special assessment roll had passed. The tax tribunal dismissed petitioner's petition to challenge the special assessment on the basis that it lacked jurisdiction because petitioner had not objected at the public hearing or commenced an appeal within 30 days after the 1996 resolution confirming the special assessment roll as required by MCL 205.735(1) and MCL 41.726(3).

Also in 1998, petitioner filed a separate complaint in the circuit court alleging breach of contract and challenging the proportionality of the special assessment. The circuit court granted respondent's motion for summary disposition on the basis that the tribunal has exclusive jurisdiction over petitioner's claims. However, on appeal, this Court held that the circuit court has jurisdiction over the breach of contract claim and the tribunal has jurisdiction over the proportionality claim. *Highland-Howell Dev Co, LLC v Marion Twp*, 469 Mich 673, 676, 676 n 4 (2004). Presumably because this Court held that the tribunal has exclusive jurisdiction over the proportionality claim, petitioner filed

an amended complaint that excluded the proportionality claim. On remand, the circuit court granted respondent's motion for summary disposition on the basis that there was no contract.

In 2004, the township passed a formal resolution ratifying changes in the sewer plan, including elimination of the trunk line across petitioner's property. Petitioner timely filed a petition with the tax tribunal within 30 days of that resolution. The tribunal dismissed petitioner's challenge of the 2004 resolution on the basis of res judicata, and the Court of Appeals affirmed on the basis of collateral estoppel. Unpublished opinion per curiam, issued January 31, 2006 (Docket No. 262437).

There must be a proportionate relationship between a special assessment and the benefit to property from a special assessment. MCL 41.725(1)(d); *Dixon Road Group v City of Novi,* 426 Mich 390, 403 (1986) ("a failure by this Court to require a reasonable relationship between the [amount of the special assessment and the amount of the benefit] would be akin to the taking of property without due process of law"). Further, before an assessment is levied, the property owner is entitled to notice and an opportunity to be heard. *Thomas v Gain,* 35 Mich 155, 164-165 (1876). Therefore, in this case, in which petitioner argues that the special assessment is no longer proportionate to the benefit to his property due to the change that the township made to the improvement plan, petitioner must be afforded an opportunity to be heard.

Because "[s]tatutes must be construed in a constitutional manner if possible," *In re Trejo*, 462 Mich 341, 355 (2000), the statutes at issue here cannot be construed in a manner that would deny petitioner due process of law. See *W & E Burnside, Inc v Bangor Twp*, 402 Mich 950*l* (1978), in which this Court remanded the case to the tribunal to determine whether the petitioner was entitled to notice even though the protest requirement of § 735(1) was not satisfied. That is, § 735(1) cannot be construed to require petitioner to have objected to the removal of the trunk line across its property at the hearing since that removal *had not yet taken place* at the time of the hearing. In addition, § 726(3) cannot be construed to require petitioner to have objected within 30 days after the date of confirmation of the special assessment roll because when the special assessment roll was confirmed, petitioner had no basis to object because the plan included the trunk line through petitioner's property. MCL 205.735(2) grants the tribunal jurisdiction over petitioner's 2004 petition because the 2004 resolution is a "final decision" and petitioner filed a written petition within 30 days after that "final decision."

Finally, petitioner's 2004 claim cannot be barred by res judicata or collateral estoppel. In dismissing petitioner's 2004 claim, the tribunal stated, "[t]he Tribunal's March 19, 2004 final Opinion and Judgment that dismissed Docket No. 261431 fully considered and rendered legal conclusions with regard to all issues pertaining to *official or unofficial* changes to the plans in relation to the jurisdiction of the Tribunal." No

official changes existed at that time, however, as respondent did not pass the 2004 resolution until May 13, 2004. Accordingly, the tribunal's March 19, 2004 opinion could not have fully considered and rendered legal conclusions regarding official plan changes that had not yet occurred, and, thus, neither res judicata nor collateral estoppel apply.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 29, 2007

_____
Clerk

t0620