# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

SIXARP, LLC v TOWNSHIP OF BYRON

Docket No. 166190. Argued on application for leave to appeal December 4, 2024. Decided March 26, 2025.

Sixarp, LLC, doing business as Praxis Packaging Solutions, filed a petition in the Michigan Tax Tribunal against the Township of Byron, alleging that its constitutional right to due process was violated by the failure of the township's assessor, Timothy Baker, to notify Praxis of its right to appeal the township's decision denying its request for a tax exemption and to explain the reason for the denial. Praxis operated a manufacturing facility in the township. In February 2021, Praxis applied to the township for the eligible manufacturing personal property (EMPP) exemption under MCL 211.9m and MCL 211.9n for the 2021 tax year related to some of its manufacturing equipment. Baker denied the application on the grounds that the "qualified new personal property" or "qualified existing personal property" claimed by Praxis did not meet the definition of EMPP set forth in the statutes. The denial notice included a section titled "Notification of Taxpayers Right of Appeal," which stated that a taxpayer could appeal a denial of the EMPP exemption before the March Board of Review and that filing a protest was "necessary" to protect the right to further appeal a dispute over an EMPP exemption in the tribunal. In February 2021, the township mailed a notice of assessment to Praxis that included an increased tentative state-equalized taxable value for the current tax year and taxable value for the previous year for its personal property. The notice of assessment also specified that taxpayers who disputed the values in the notice had to appeal before the March Board of Review, and it included the Board's meeting times and a phone number to call to make an appointment to meet with the Board. Praxis's agents contacted Baker regarding the details of submitting an appeal. In his communications with Praxis's agents, Baker did not provide any deadlines for submitting an appeal or advise them of the Board's hearing date or of the filing requirements for an appeal. Baker did advise Praxis to email him a letter appeal. Praxis's agent sent Baker a letter appeal on March 10, 2021, but the Board had adjourned the evening of March 9, 2021, and Baker replied via email that the appeal was too late. Praxis did not appear before the March Board and the Board did not consider Praxis's appeal. Praxis then petitioned the Tax Tribunal, and the township moved for summary disposition, arguing in part that the tribunal lacked jurisdiction because Praxis had failed to first appeal before the Board. The tribunal granted the township's motion and dismissed Praxis's petition for lack of jurisdiction. Praxis appealed in the Court of Appeals, which reversed and remanded to the tribunal. 348 Mich App 1 (2023). The Court of Appeals held that the township's efforts to provide notice to Praxis did not comport with its statutory obligations under MCL 211.9m(3) or MCL 211.9n(3) and therefore deprived Praxis of due

process. The Court of Appeals vested the tribunal with jurisdiction as a matter of equity to consider Praxis's exemption claim. The township applied for leave to appeal in the Supreme Court, and in lieu of granting leave, the Court ordered oral argument on the application. 513 Mich 1052 (2024).

In a unanimous opinion by Justice CAVANAGH, the Supreme Court *held*:

Praxis failed to timely protest the township's exemption denial before the March Board of Review despite receiving timely notice from the township; therefore, the Tax Tribunal did not have jurisdiction to hear Praxis's claim.

1. Under MCL 211.9m(3) and MCL 211.9n(3), when an EMPP exemption request is denied before the first substantive meeting of the Board of Review, the denial must be appealed before the Board. If the petitioner does not prevail before the Board, the Board's decision may be appealed by filing a petition with the tribunal. Similarly, an assessment dispute as to the valuation or exemption of property must be protested to the Board before the tribunal acquires jurisdiction. The tribunal has exclusive and original jurisdiction over the final decision of an agency related to an assessment or valuation under MCL 205.731. Under the doctrine of *in pari materia*, MCL 205.731 must be read together with MCL 205.735a (requiring that an assessment be protested before the Board) and MCL 211.9m(2)(c) and MCL 211.9n(2)(c) (which require that a petition be filed with the tax tribunal to appeal a denial by the Board). Thus, the tribunal could not exercise jurisdiction in this case because the township denied the exemption before the Board met, and Praxis failed to appeal the decision before the Board. Further, as the tribunal correctly noted, it had no equitable power to waive or otherwise disregard a statutory requirement or filing deadline, so it had no authority to grant Praxis's exemption request. The Court of Appeals concluded that under *Parkview Mem Ass'n v Livonia*, 183 Mich App 116 (1990), the requirement to protest before the Board could be waived or excused because Praxis had received inadequate notice. However, in *Parkview*, although the petitioners did not protest before the Board, the Court remanded the petitioners' claims to the tribunal because the petitioners had received the tax assessments mailed by the respondent two days after the Board had adjourned. Accordingly, the *Parkview* Court concluded that the late notices violated due process because they were not provided in a manner reasonably calculated to afford the petitioners notice and an opportunity to be heard. *Parkview* was overruled to the extent that it held that the jurisdictional requirements of MCL 205.735, including the protest requirement, are merely "procedural requirements for perfecting an appeal" in the tribunal that are not express limitations on the tribunal's jurisdiction. The Legislature clearly mandated that the requirements for appeal in the tribunal under MCL 205.735 are jurisdictional, and the requirements of the statute may only be waived by the court if necessary to remedy a constitutional due-process violation that deprived the taxpayer of their ability to invoke the right to protest. Because Praxis did not satisfy the statutory requirements for the tribunal to exercise jurisdiction by first protesting the township's decision before the Board, it had to demonstrate that the township deprived it of its right to constitutional due process in order to invoke the Court's judicial power to waive the jurisdictional requirements.

2. MCL 211.9m addresses new manufacturing personal property, and MCL 211.9n addresses previously existing manufacturing personal property. Under both statutes, an assessor's denial of an EMPP exemption must (1) be sent in writing to the person who filed the form, (2) contain a statement of the reason for the denial, and (3) advise the person that they have the right to appeal the denial before the Board under MCL 211.30 by filing a "combined document" as

described by MCL 211.9m(2) and MCL 211.9n(2). There was no dispute that the written notice sent by the township to Praxis satisfied the first requirement. Regarding the second requirement, the notice stated the reason for the denial: the claimed personal property did not meet the statutory definition of EMPP under the statutes. Although Praxis argued that this reason was insufficient, the statutory language does not require more detail than Baker provided. Further, although the stated reason for the denial was succinct, it did not deprive Praxis of its procedural-due-process rights. Praxis was not erroneously deprived of the claimed exemptions, given that the denial notice informed Praxis that it could avail itself of the Board's appeal process. Regarding the third requirement, the notice advised Praxis that it had to appeal before the Board, but it omitted specific meeting dates and times and the statutory requirement to refile the combined document that was submitted with its exemption request. At minimum, procedural due process requires notice and an opportunity to be heard in a meaningful time and manner. Thus, although the denial notice was flawed, due process is a flexible concept, and mechanically applying the denial notice requirements would be insufficient to review whether due process has been provided. The notice clearly explained that appealing the denial before the Board was required to preserve the taxpayer's appellate rights. Additionally, Praxis had timely notice of the Board's meeting dates and times, the deadlines for filing a letter protest or scheduling an appearance, and the valuation of the property at issue without the requested exemption. The notice of assessment of the property's increased taxable value also included information about the Board's meeting dates, times, deadlines, and other details. Although a posting in a local newspaper inaccurately stated that appointments could be made with the Board from March 1 through March 10, 2021, the body of the posting also specified that the Board would meet on March 8, 2021, and March 9, 2021. Therefore, it was discernable from the posting that its statement that appointments could be made on March 10 was erroneous. Further, there was no evidence that Praxis relied on the inaccuracy in the posting when it emailed its request for an appointment to Baker on March 10.

3. In concluding that Praxis was denied due process, the Court of Appeals relied in part on the fact that Baker failed to provide Praxis's agents with the deadline for filing a letter appeal despite encouraging them to use this method of appeal. Baker provided statutorily accurate information, however, and he was not required by statute to provide any additional information, such as the dates of the hearing or that the combined document had to be refiled to perfect the appeal. Additionally, although Praxis accurately noted that the denial notice did not advise it of the requirement to refile the combined document with its appeal, Praxis was not denied an opportunity to challenge the denial on this basis. Rather, Praxis did not appear before the Board because it failed to timely file a written appeal. The township's efforts to provide notice, including the denial notice, the notice of assessment, and the information provided by Baker, when taken together were reasonably calculated, under all the circumstances, to apprise Praxis of the appeal process and to afford Praxis an opportunity to present its objections to the township's actions. Moreover, although there were some shortcomings in the denial notice, Praxis received actual notice of the deadline and schedule for perfecting a written appeal to the Board in the notice of assessment. Because there was no constitutional violation, there was no basis to waive the jurisdictional requirements.

Court of Appeals judgment reversed and Tax Tribunal order reinstated.

Justice THOMAS did not participate because the Court considered this case before she assumed office.

# OPINION

Chief Justice:                    Justices:
  Elizabeth T. Clement        Brian K. Zahra
                        Richard H. Bernstein
                        Megan K. Cavanagh
                        Elizabeth M. Welch
                        Kyra H. Bolden
                        Kimberly A. Thomas

FILED March 26, 2025

STATE OF MICHIGAN

SUPREME COURT

SIXARP, LLC, doing business as PRAXIS
PACKAGING SOLUTIONS,

        Petitioner-Appellee,

v                                                                                No. 166190

TOWNSHIP OF BYRON,

        Respondent-Appellant.

_____

BEFORE THE ENTIRE BENCH (except THOMAS, J.)

CAVANAGH, J.

In this case, we consider whether the Michigan Tax Tribunal (MTT) can exercise jurisdiction over a taxpayer's challenge to tax-exemption denials when the taxpayer did not initially protest those denials before the March Board of Review (the Board) as required by MCL 205.735a(3). Taxpayer, Sixarp, LLC, doing business as Praxis Packaging Solutions (Praxis), contends that its failure to protest before the Board may be excused or waived because respondent, the Township of Byron (the Township), failed to provide

Praxis with constitutionally sufficient notice. We hold that the Township's notice to Praxis did not violate Praxis's due-process rights and that the Township's actions did not deprive Praxis of its ability to invoke the right to protest. Because Praxis failed to file a timely protest before the Board as required by MCL 205.735a(3), the MTT did not have jurisdiction to hear Praxis's claims. Therefore, we reverse the Court of Appeals judgment and reinstate the MTT's dismissal of the petition.

## I. FACTS AND PROCEDURAL HISTORY

Praxis is a packaging company that operates a manufacturing facility in Byron Township. In February 2021, Praxis applied to respondent Township for the eligible manufacturing personal property (EMPP) exemption under MCL 211.9m and MCL 211.9n for the 2021 tax year related to some of its manufacturing equipment. On February 9, 2021, the Township's assessor, Timothy Baker, denied Praxis's request for the EMPP tax exemption and mailed the denial notice to Praxis. He provided the following reason for the denial:

> I certify that based on my review, the qualified new personal property and/or qualified existing personal property claimed on Form 5278 does not meet the definition of Eligible Manufacturing Personal Property as defined by MCL 211.9m and/or MCL 211.9n, therefore the Eligible Manufacturing Personal Property exemption is denied. [Emphasis omitted.]

The denial notice also contained a section at the bottom labeled "Notification of Taxpayers [sic] Right of Appeal" in bold font, which stated, in part, that a taxpayer may appeal an assessor's denial of the EMPP exemption to the March Board of Review under MCL

2

211.30[1] and that "[f]iling a protest with the Board of Review is necessary to protect your right to further appeal an EMPP exemption dispute to the Michigan Tax Tribunal. Michigan Tax Tribunal forms are available at www.michigan.gov/taxtrib."

On February 17, 2021, the Township mailed a separate notice of assessment to Praxis that included the increased tentative state-equalized taxable value for the current year and taxable value from the previous year for the property. See MCL 211.24c and MCL 211.34c. The notice provided detailed information about appealing the assessed values to the Board under the heading "March Board of Appeal Review Information" with specific meeting times and instructions:

> Your assessment changed for the following reason(s):
>
> Personal property was updated on 2/17/2021, any new updates will be posted on the website.
>
> If you believe these values are incorrect you may appeal to the board of review which will meet March 8 from 9:00 a.m.to noon, and from 1 p.m. to 5 p.m. [and] March 9 from 1:00 p.m.to 5:00 p.m. and from 6 p.m. to 9 p.m. To appeal these values, call 616-878-6033 before March 5 for an appointment with the board of review. Meetings can be attended either in person, virtual, or by letter appeal. Petition forms must be completed and are available as in the paragraph above. Letter appeals must be received by March 5, 2021. The board of review meets in the township hall.[2]

---

[1] The Board of Review is generally required to meet on the second Monday in March, although the governing body of the city or township may authorize by ordinance or resolution alternative starting dates on either the Tuesday or Wednesday following the second Monday in March. MCL 211.30. The Board's review of assessments must be completed on or before the first Monday in April. MCL 211.30a. The Board also meets in July and December for the purpose of reviewing qualified errors, but that error type is not implicated here. See MCL 211.53b.

[2] Quotations from the notice of assessment have been changed from upper case for improved readability.

The notice also stated that "[f]iling a protest with the Board of Review is necessary to protect your right to further appeal valuation and exemption disputes to the Michigan Tax Tribunal and classification appeals to the State Tax Commission." The Board's meeting schedule was posted publicly on respondent's website, as well as at the Byron Township offices from February 1, 2021 to March 9, 2021.[3]

Praxis's finance controller, Timothy Karsten, received the notice of the EMPP exemption denial no later than February 23, 2021. On February 26, 2021, Karsten contacted Baker to provide a verbal notice of Praxis's intent to appeal, request a hearing date, and learn the requirements for an appeal. Karsten averred that Baker told him to email a letter appeal. Karsten then advised Lisa Pohl, who was retained by Praxis to appeal the EMPP exemption denial, of his communications with Baker, including Baker's suggestion to email a letter appeal. In early March 2021, Pohl left Baker a voicemail inquiring about the appeal procedure and deadlines and requesting an in-person hearing with the Board. Baker returned her call on March 2, 2021, and left a voicemail. According to Pohl's uncertified transcription of the voicemail, Baker told Pohl that she should email him the letter appeal so that he could then send her the petition to sign and return. In his communications with Karsten and Pohl, Baker did not provide any deadlines, give a

_____

[3] Notice was also posted in the Grand Rapids Press on February 21, 23, and 25. The Grand Rapids Press posting explained that the Board "shall convene on the 8th day of March, 2021 and shall sit not less than three calendar days . . . ." It specified meeting times on March 8 from 9:00 a.m. to 5:30 p.m. and March 9 from 1:00 p.m. to 9:00 p.m. However, the posting erroneously indicated in its last sentence that "Board of Review appointments may be made by contacting the Assessor's Office from March 1th [sic] through March 10th," despite the fact that the Board would adjourn on March 9. There is no evidence that Praxis acted in reliance on the Grand Rapids Press posting, nor has Praxis argued that it did so.

4

hearing date, or advise them that the combined document had to be refiled to perfect the appeal.

The Board met on March 8, 2021, and March 9, 2021, to hear taxpayer petitions, valuation disputes, and exemption appeals, and adjourned on the evening of the 9th. Pohl sent a letter appeal to Baker by email on March 10, 2021, at 6:39 p.m., but it was too late because, as Baker explained via email to Pohl the following day, the Board had already adjourned at 9:00 p.m. on March 9. Pohl responded and demanded recourse, claiming that the assessor was on notice that Praxis intended to appeal. The assessor did not respond. Ultimately, Praxis did not appear before the March 2021 Board, and the Board did not consider Praxis's appeal.

On April 12, 2021, Praxis filed a five-count petition with the MTT. Praxis alleged that Baker's alleged failure to notify Praxis about its appeal rights, as well as his failure to provide an adequate explanation as to why Praxis's EMPP application was denied, violated Praxis's right to due process of law under the United States Constitution, US Const Am XIV, and the Michigan Constitution, Const 1963, art 1, § 17.[4] Additionally, Praxis asserted that it qualified for the EMPP exemption. The Township moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(10) (no questions of material fact and judgment required as a matter of law). The Township argued that it had provided sufficient notice and an opportunity to be heard after denying the exemption as required by MCL 211.9m and MCL 211.9n, but Praxis had failed to appeal to the Board

_____

[4] Praxis's petition did not specifically cite these constitutional provisions but rather cited caselaw that relies upon them. See, e.g., *Spranger v City of Warren*, 308 Mich App 477, 482-484; 865 NW2d 52 (2014).

first, therefore depriving the MTT of jurisdiction. In response, Praxis moved for partial summary disposition under MCR 2.116(C)(10), arguing that it was entitled to the exemption, that the notice was inadequate as to the reason for the denial and available appellate rights, and that the assessor failed to comply with MCL 211.9m(3) and MCL 211.9n(3) when he failed to inform Praxis that it had to refile its combined document to perfect its appeal before the Board. Praxis also argued that the MTT had jurisdiction because the Township's inadequate notice deprived Praxis of its due-process right to participate in the Board review process.

On April 12, 2022, the MTT granted the Township's motion under MCR 2.116(C)(4), denied Praxis's motion, and dismissed the petition for lack of jurisdiction. The MTT concluded that (1) Praxis failed to demonstrate that MCL 211.9m(3) and MCL 211.9n(3) required a more specific explanation for the denial than one that mirrored the statutory language; (2) the Township's failure to inform Praxis of the requirement to refile the combined document with the Board did not violate Praxis's due-process rights because the lack of a combined document was not the reason that the appeal was denied; (3) notice of the Board's meeting schedule was sufficient because it was explicitly provided in the notice of assessment as well as generally stated in the statutes; and (4) the notice of assessment informed Praxis that it could appeal in person, virtually, or by letter and provided all necessary deadlines. In sum, the MTT determined that the Township's actions did not deprive Praxis of a meaningful opportunity to appeal before the Board and, therefore, did not deprive Praxis of its right to constitutional due process.

The MTT also concluded that it lacked jurisdiction to address the merits of Praxis's argument that its equipment qualified for the EMPP exemption, finding that the Township

6

provided sufficient notice of the times and dates that the Board would meet and that the contents of the notice of assessment, issued under MCL 211.24c(1), satisfied its obligation under MCL 211.9m(3) and MCL 211.9n(3). The MTT determined that it was immaterial that the Township did not advise Praxis of the requirement to file a combined document because the lack of jurisdiction stemmed solely from Praxis's failure to timely appeal in writing. Further, the assessor's advice to Praxis's agent, Karsten, that the appeal had to be in writing instead of a verbal communication with the assessor comported with the statutory requirements. Finally, the MTT concluded it was immaterial that the assessor failed to advise Praxis's agents of the appeal deadline because the notice of assessment provided that information.

Ultimately, the MTT concluded that Praxis's failure to protest the EMPP denial to the Board deprived the MTT of jurisdiction, reasoning that "because the Tribunal has no equitable power to waive or otherwise disregard a statutory requirement or filing deadline, it has no authority to grant [Praxis] the relief requested." The MTT subsequently denied Praxis's motion for reconsideration.

Praxis appealed by right in the Court of Appeals, which reversed and remanded in a published opinion. *Sixarp, LLC v Byron Twp*, 348 Mich App 1, ___; ___ NW3d ___ (2023). The Court of Appeals held that the Township's efforts to provide notice to Praxis failed to comport with its statutory obligations under MCL 211.9m(3) and MCL 211.9n(3) and therefore deprived Praxis of due process. *Id*. at ___; slip op at 13. The Court of Appeals remedied the violation by vesting the MTT with jurisdiction to consider the exemption claim as a matter of equity. The Township applied for leave to appeal in this

7

Court. We scheduled oral argument on the application and directed the parties to file supplemental briefing to address:

> (1) whether the assessor's denial of the petitioner-appellee's request for exemption as eligible manufacturing personal property satisfied the requirements of MCL 211.9m(3) and MCL 211.9n(3) and/or due process; (2) if not, whether the denial notice's failure to satisfy those requirements relieved the petitioner-appellee of the requirement to protest the denial at the 2021 March Board of Review; and (3) whether the Michigan Tax Tribunal can exercise jurisdiction over this case. [*Sixarp, LLC v Byron Twp*, 513 Mich 1052, 1052 (2024).]

## II. STANDARD OF REVIEW

Judicial review of MTT decisions "is limited." *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28. Given that no fraud is alleged, appellate review in this case is limited to whether the MTT committed an error of law or adopted a wrong legal principle. *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). All the factual findings made by the MTT are final if supported by competent and substantial evidence. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). Questions of constitutional law and statutory interpretation are reviewed de novo. *Madugula v Taub*, 496 Mich 685, 695; 853 NW2d 75 (2014). Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

8

III. ANALYSIS

This case concerns the subject-matter jurisdiction of the MTT. "The Tax Tribunal Act, MCL 205.701 *et seq.*, defines the exclusive and original jurisdiction of the Michigan Tax Tribunal as review of a final decision 'of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization under property tax laws.' " *Highland-Howell Dev Co, LLC v Marion Twp*, 469 Mich 673, 674; 677 NW2d 810 (2004), quoting MCL 205.731(a). Under MCL 205.735a(3), "[e]xcept as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute . . . ."

Here, Praxis did not protest before the Board before filing a petition with the MTT, and the MTT consequently dismissed the petition for lack of jurisdiction. The Court of Appeals determined that the Township inadequately informed Praxis of the time and manner for appealing the denial and that the assessor's failure to comply with the provisions of MCL 211.9m(3) and MCL 211.9n(3) deprived Praxis of procedural due process. *Sixarp*, 348 Mich App at ___; slip op at 10, 13. As a matter of equity, the Court of Appeals determined that remand to the MTT was appropriate, relying on *Parkview Mem Ass'n v Livonia*, 183 Mich App 116, 117-118; 454 NW2d 169 (1990), and its progeny.[5] *Sixarp*, 348 Mich App at ___; slip op at 11-12.

---

[5] See, e.g., *Morehouse v Mackinaw Twp*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2009 (Docket No. 281483); *Mich State Univ v Lansing*, unpublished per curiam opinion of the Court of Appeals, issued February 15, 2005 (Docket No. 250813).

We disagree with the Court of Appeals that the Township's notice to Praxis failed to comply with due process. We, therefore, hold that because Praxis did not appeal the denial notice to the Board, the MTT correctly determined that it did not have jurisdiction over the claim and that dismissal was appropriate.

## A. JURISDICTION OF THE MTT

We begin by examining the jurisdiction of the MTT to hear Praxis's petition. The relevant statutes provide that when a denial of an EMPP exemption is issued before the first substantive meeting of the Board, the denial must be appealed to the Board of Review. MCL 211.9m(3); MCL 211.9n(3). Should a petitioner not prevail on their challenge before the Board, "[a]n appeal of a denial by the March board of review may be made by filing a petition with the Michigan tax tribunal within 35 days of the denial notice." MCL 211.9m(2)(c); MCL 211.9n(2)(c).

Pursuant to MCL 205.735a(3), "[e]xcept as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under subsection (6)." Subsection (6), in turn, states that the jurisdiction of the MTT in various types of assessment disputes, including those regarding commercial personal property, "is invoked by a party in interest, as petitioner, filing a written petition" by a specific deadline. MCL 205.735a(6). Finally, the MTT has exclusive and original jurisdiction over review of a final decision of an agency, such as the Board, relating to assessment or valuation. MCL 205.731(a).

10

" 'Under the doctrine [of *in pari materia*], statutes that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law.' " *Pueblo v Haas*, 511 Mich 345, 357; 999 NW2d 433 (2023), quoting *People v Mazur*, 497 Mich 302, 313; 872 NW2d 201 (2015).  Here, MCL 205.731, which affords the MTT exclusive and original jurisdiction over agency assessment and valuation decisions, must be read together with both MCL 205.735a, which requires an assessment to first be protested before the Board, and MCL 211.9m and MCL 211.9n, which require appealing an EMPP exemption denial before the Board (if the denial was issued before the first Board meeting) and, if the Board denies the appeal, filing a petition with the MTT. We agree with the MTT that it could not exercise jurisdiction because the Township's assessor denied the exemption before the Board met, and Praxis failed to file an appeal with the Board.  See MCL 211.9m(2)(c) and (3); MCL 211.9n(2)(c) and (3); MCL 205.735a(3).

The MTT correctly explained that "because the Tribunal has no equitable power to waive or otherwise disregard a statutory requirement or filing deadline, it has no authority to grant" Praxis's exemption request.  See *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 547-548; 656 NW2d 215 (2002), citing *Fed-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987) (explaining that the MTT "does not have powers of equity"); see also *Wikman v City of Novi*, 413 Mich 617, 646-649; 322 NW2d 103 (1982).  However, the Court of Appeals held that because Praxis received inadequate notice, the requirement to protest before the Board could be excused or waived, and it remanded the case for plenary consideration by the MTT.  *Sixarp*, 348 Mich App at ___;

11

slip op at 12. The Court of Appeals premised its authority to waive the protest requirement primarily on *Parkview*, 183 Mich App at 120.[6]

In *Parkview*, the city of Livonia mailed tax assessments to the petitioners two days *after* the Board of Review convened for its last day. *Id*. at 117-118. Although the *Parkview* Court recognized that the MTT's exercise of jurisdiction is conditioned on an initial protest to the Board and the petitioners did not protest before the Board, the Court determined that the petitioners' claims should be remanded to the MTT. *Id*. at 118-120. The panel premised this remedy on its conclusion that the respondents' late notices violated due process, because although the assessments were valid, they were untimely mailed in violation of MCL 211.24c(5).[7] *Id*. at 120. Accordingly, the late notices were not provided in a manner reasonably calculated to afford notice and an opportunity to be heard and therefore violated the taxpayer's right to procedural due process. *Id*. The *Parkview* Court also relied on this Court's remedial approach in *W & E Burnside, Inc v Bangor Twp*, 402

---

[6] The panel also relied upon *Wells Fargo Rail Corp v Michigan*, 344 Mich App 351, 374-375; 1 NW3d 373 (2022), which recognized that courts' equitable power "has traditionally been reserved for unusual circumstances" and applied equitable tolling to toll the period of limitations, remanding to the MTT for consideration of the petitioner's claim as a timely filed petition. (Quotation marks and citation omitted.) In that case, there was confusion about where the petitioner could file its claim because it was faced with "two ostensibly valid statutes: one placing jurisdiction in the Court of Claims and one in the MTT" and the petitioner could not predict that the courts would later hold that the statute providing jurisdiction in the Court of Claims was implicitly repealed. *Id*. at 374. No such confusion exists in this case.

[7] This section of the statute has been amended several times since *Parkview* was decided and now appears at MCL 211.24c(4), which provides: "The assessment notice shall be addressed to the owner according to the records of the assessor and mailed not less than 14 days before the meeting of the board of review. The failure to send or receive an assessment notice does not invalidate an assessment roll or an assessment on that property."

Mich 950*l* (1978), which remanded a petition to the MTT for plenary consideration despite the petitioner failing to satisfy the Board protest requirement. *Parkview*, 183 Mich App at 120; see *W & E Burnside, Inc v Bangor Twp*, 77 Mich App 618, 621; 259 NW2d 160 (1977). The Court also held that portions of MCL 205.735(1) and (2) imposed "procedural requirements for perfecting an appeal in the Tax Tribunal" that codified exhaustion-of-remedies principles that did not expressly limit the MTT's jurisdiction. *Parkview*, 183 Mich App at 121.

*W & E Burnside* involved taxpayers whose assessments nearly doubled from 1974 to 1975. *W & E Burnside*, 77 Mich App at 619-620. The taxpayers were required to first protest the increase before the Board in order for the MTT to have jurisdiction but were unable to do so "as neither had notice of the increase until well after the meetings." *Id*. at 621. Under the relevant statute, MCL 211.24c, a taxpayer was only required to be provided notice if more than 30% of the parcels had an assessment increase. *Id*. at 621, 625. The MTT dismissed the case for failure to exhaust administrative remedies. *Id*. at 620. The Court of Appeals held that if the 30% threshold was met, no notice was necessary and the assessment was valid, but if not, the assessment was invalid, and thus, it remanded the case to the circuit court to determine whether the threshold was met. *Id*. at 624-625.[8]

---

[8] Both *Parkview* and *W & E Burnside* interpreted versions of MCL 205.735, which applies "to a proceeding before the tribunal that is commenced before January 1, 2007." MCL 205.735(1). MCL 205.735 is the precursor to MCL 205.735a, which applies to this case and governs "a proceeding before the tribunal that is commenced after December 31, 2006." MCL 205.735a(1). The version of MCL 205.735 that was applicable in *Burnside* provided that "[i]n the case of an assessment appeal, the valuation of the same property must be protested before the board of review." MCL 205.735(1), as enacted by 1973 PA 186. The version of MCL 205.735 that was applicable in *Parkview* provided that "[f]or an assessment dispute as to the valuation of the property or where an exemption is claimed,

This Court issued a peremptory order reversing the Court of Appeals, which stated in full:

> Leave to appeal is considered May 31, 1978 and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals is reversed and the case is remanded to the Tax Tribunal. If the tribunal determines a notice should have been sent, the assessment increase is invalid and plaintiff is entitled to a refund. If the tribunal determines no notice was required, the tribunal must still determine whether or not the assessment increase was excessive, and that there is no other bar to granting relief. [*W & E Burnside*, 402 Mich at 950*l*].

In sum, this Court ordered the MTT to review the merits despite the taxpayer's failure to first protest before the Board in a case where the respondent provided no notice of the assessment increase to petitioners in advance of the Board's meeting times—effectively depriving them of the right to be heard.[9]

---

the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute . . . ." MCL 205.735(1), as amended by 1987 PA 23. MCL 205.735(2) currently provides that "[f]or an assessment dispute as to the valuation of property or if an exemption is claimed, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute . . . ." See 2006 PA 174. We analyze pre-MCL 205.735a cases because the statute and its precursor contain materially similar language concerning the protest requirements. Compare MCL 205.735(1), as enacted by 1973 PA 186; MCL 205.735(1), as amended by 1987 PA 23; and MCL 205.735(2) with MCL 205.735a(3).

[9] We observe that the Legislature knows how to enact specific exceptions to the general jurisdictional protest requirement when it wishes to do so. For instance, when an assessment dispute relates to the "valuation of property that is subject to taxation" under the Commercial Redevelopment Act, MCL 207.651 *et seq.*, or other enumerated statutes, "the assessment may be protested before the board of review *or appealed directly to the tribunal without protest before the board of review* . . . ." MCL 205.735a(4)(c) (emphasis added). But the Legislature did not craft such an exception for EMPP cases. We thus find that the "Legislature's statement that the assessment may be protested to the board or appealed directly to the Tax Tribunal *without protest to the board* [in MCL 205.735a(4)] demonstrates that the direct appeal is an exception to, not a replacement of, the requirement

14

The Legislature has clearly mandated that the requirement for appeal in the MTT under MCL 205.735a(3) is jurisdictional. The statute plainly states that "the assessment *must* be protested *before* the board of review before the tribunal *acquires jurisdiction* of the dispute." MCL 205.735a(3) (emphasis added). As a result, MCL 205.735a(3) "is not a notice statute, but is a jurisdictional statute that governs when and how a petitioner invokes the Tax Tribunal's jurisdiction." See *Electronic Data Sys*, 253 Mich App at 542. We therefore overrule *Parkview* to the extent that it incorrectly held that the protest requirement of MCL 205.735, the precursor to MCL 205.735a, is a mere "procedural requirement[] for perfecting an appeal in the Tax Tribunal" and not an express limitation on the MTT's jurisdiction. *Parkview*, 183 Mich App at 121.[10] Instead, the protest requirement of MCL 205.735a(3) may only be waived by the court if necessary to remedy a constitutional due-process violation that deprived the taxpayer of their ability to invoke the right to protest. See *Highland-Howell Dev Co, LLC v Marion Twp*, 478 Mich 932, 933 (2007) (citing *W & E Burnside* for the proposition that "the statutes at issue here cannot be construed in a manner that would deny petitioner due process of law"); *Wikman*, 413 Mich at 648 (considering that "there may be an extraordinary case which justifies the exercise of equity jurisdiction in contravention of a statute").

In this case, Praxis did not satisfy the statutory requirements for the MTT to exercise jurisdiction because it did not protest before the Board. Therefore, Praxis must demonstrate

stated under MCL 205.735a(3)." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 54; 964 NW2d 378 (2020).

[10] See also *Morehouse*, unpub op at 4 (adopting "the approach set forth in *Parkview*, except for that portion of *Parkview*['s] analysis that concludes the requirements of MCL 205.735 are procedural, not jurisdictional").

15

that respondent deprived it of its right to constitutional due process to invoke this Court's judicial power to waive the jurisdictional requirements.

## B.  DUE PROCESS

We now turn to whether the Township's notice to Praxis satisfied statutory requirements and, relatedly, due process.  Praxis claimed personal property exemptions under the former versions of MCL 211.9m and MCL 211.9n.[11]  The text of these two provisions is nearly identical, differing only in the type of personal property exempted. MCL 211.9m concerns new manufacturing personal property, while MCL 211.9n concerns previously existing manufacturing personal property.  Regarding denials of the exemptions, the statutes (using materially identical language) explained:

> If the assessor of the township or city believes that personal property for which the form claiming an exemption is timely filed each year under subsection (2)(c) is not qualified new personal property or the form filed was incomplete, the assessor may deny that claim for exemption by notifying the person that filed the form in writing of the reason for the denial and advising the person that the denial shall[12] be appealed to the board of review under section 30[13] by filing a combined document as prescribed under subsection (2).[14]  [MCL 211.9m(3); see also MCL 211.9n(3)].

[11] MCL 211.9m and MCL 211.9n, as enacted by 2017 PA 261, effective December 31, 2017.  The Legislature has since amended MCL 211.9m(3) and MCL 211.9n(3), changing only the word "shall" to "must."  See 2021 PA 153, effective December 27, 2021.  Because the statutes were not amended until after Praxis applied for the exemption, the former versions of the statutes apply in this case and are cited in this opinion unless otherwise noted.

[12] See note 11 of this opinion.

[13] Section 30 (MCL 211.30) sets forth when the Board of Review must meet and how it performs its review, including its review of personal property exemptions.

[14] The combined document is the same form that Praxis used to claim the exemption.  MCL 211.9m(2) ("A person shall claim the exemption under this section and section 9n by filing

Stated differently, these statutes require that an assessor's denial of an EMPP exemption (1) be in a writing sent to the person who filed the form, (2) contain a statement of "the reason for the denial," and (3) advise the person that they have the right to appeal the denial to the Board under MCL 211.30 by "filing a combined document" in the manner required by MCL 211.9m(2) and MCL 211.9n(2).

Against this statutory backdrop, the deprivation of "a significant property interest cannot occur except by due process of law." *Bonner v City of Brighton*, 495 Mich 209, 235; 848 NW2d 380 (2014). See also US Const, Am XIV (declaring that the government shall not "deprive any person of life, liberty, or property, without due process of law"); Const 1963, art 1, § 17 ("No person shall . . . be deprived of life, liberty or property, without due process of law.").[15] The principle of fundamental fairness is the essence of procedural due process. *Lassiter v Dep't of Social Servs of Durham Co*, 452 US 18, 24; 101 S Ct 2153; 68 L Ed 2d 640 (1981). At a minimum, procedural due process requires notice and an opportunity to be heard in a meaningful time and manner. *Bonner*, 495 Mich at 235. Procedural due process is a flexible concept, however, and determining what process is due in a particular case depends on the nature of the proceeding, the risks and

_____

each year a combined document that includes: the form to claim the exemption under this section and section 9n, a report of the fair market value and year of acquisition by the first owner of qualified new personal property, and for any year before 2023, a statement under section 19."). See also MCL 211.9n(2).

[15] We have recognized the "textual similarities between the state and federal Due Process Clauses . . . ." *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 186 n 12; 931 NW2d 539 (2019). Consequently, when interpreting the Due Process Clause of the Michigan Constitution, we may "find persuasive" federal precedent interpreting the Due Process Clause of the United States Constitution. *Id*.

costs involved, and the private and governmental interests that might be affected. *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 29; 703 NW2d 822 (2005).[16]

As to constitutionally sufficient notice, this Court has explained further:

A fundamental requirement of due process in . . . proceedings [that seek to take property from its owner] is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Interested parties are "entitled to have the [government] employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify [them] of the pendency of the proceedings." *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976), quoting *Mullane*, [339 US] at 315. That is, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane*, [339 US] at 315. However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones*[ *v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006)]. [*Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008).]

As discussed earlier, the statutes require a taxing authority's assessor to notify a taxpayer (1) in writing (2) of the reason for the denial and (3) advise the petitioner that the denial must be appealed to the Board by filing a combined document. MCL 211.9m(3);

---

[16] Michigan courts follow the United States Supreme Court's decision in *Mathews v Eldridge*, 424 US 319; 96 S Ct 893; 47 L Ed 2d 18 (1976), which set forth three factors that must be considered to determine whether a litigant has been afforded due process:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." [*Bonner*, 495 Mich at 235, quoting *Mathews*, 424 US at 334-335.]

MCL 211.9n(3).  In this case, there is no dispute that the written notice satisfied the first requirement.  As for the second requirement, the notice stated the reason for the denial—that the personal property claimed did not meet the statutory definition of EMPP under MCL 211.9m or MCL 211.9n.  Praxis argues that the reason for denial was insufficient.  However, we agree with the Court of Appeals that the statutory language does not require more detail than that provided by the assessor as to why he denied the exemption.  *Sixarp*, 348 Mich App at ___; slip op at 10.  Instead, the statutes simply state that the written denial must contain "the reason for the denial."  MCL 211.9m(3); MCL 211.9n(3).  No specific quantum of detail is required.  See *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018) ("[W]here the statutory language is clear and unambiguous, the statute must be applied as written.  [The] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.") (quotation marks and citations omitted).  And, as the MTT explained, the language used in the denial notice mirrors the statutory language that permits the assessor to deny an exemption request if the property is not qualified new or previously existing property or if the filed form was incomplete.  MCL 211.9m(3); MCL 211.9n(3).

In addition to satisfying these statutory requirements, we do not believe that the stated reason for denial, albeit succinct, violates Praxis's procedural due-process rights.  Praxis was neither erroneously deprived nor at risk of being erroneously deprived of the claimed exemptions, given that the denial notice informed Praxis that it could avail itself of the Board's appeal process and make the case for why its equipment met the statutory definition of EMPP.  See *Bonner*, 495 Mich at 235.

19

The third requirement is that the assessor's denial must advise the petitioner that the denial must be appealed to the Board and that this must be accomplished by filing a combined document. MCL 211.9m(3); MCL 211.9n(3). The notice in this case advised Praxis that it must appeal to the Board but omitted specific meeting dates and times. The notice also omitted the statutory requirement to refile the combined document that was submitted with the exemption request. We recognize that the denial notice was flawed insofar as it failed to state that refiling the combined document was a requirement for protesting the denial and that it *could have* included more detailed information about when the Board would meet. But, as stated, due process is a flexible concept, and mechanically applying the denial notice requirements is insufficient to review whether due process has been provided. See *By Lo Oil Co*, 267 Mich App at 29. Rather, we must inquire into all the particular facts of the notice provided to Praxis because due process "negates any concept of inflexible procedures universally applicable to every imaginable situation." See *In re Adams Estate*, 257 Mich App 230, 234; 667 NW2d 904 (2003), quoting *Bd of Curators of Univ of Missouri v Horowitz*, 435 US 78, 86; 98 S Ct 948; 55 L Ed 2d 124 (1978) (quotation marks omitted).

The "Notification of Taxpayers [sic] Right of Appeal" section of the denial notice stated that a taxpayer may appeal an assessor's denial to the Board under MCL 211.30, and that filing such a protest was necessary to protect the right to further appeal an EMPP exemption dispute in the MTT. Despite the absence of information as to the Board's meeting times and dates, the notice clearly explained that appealing the denial before the Board was required to preserve appellate rights.

In addition, as the MTT found, Praxis had timely actual notice of the Board's meeting dates and times, the deadlines for filing a letter protest or scheduling an appearance, and the valuation of the property without the requested exemption. The Township sent Praxis a separate notice of assessment because the taxable value of the property had increased. See MCL 211.24c and MCL 211.34c. This notice explained that the assessment for the personal property (for which Praxis had been denied an exemption) was updated on February 17, 2021 (about a week after the EMPP exemption denial notice was mailed), and that "[i]f you believe these values are incorrect you may appeal to the board of review . . . ." See MCL 211.34c(6) ("An owner of any assessable property who disputes the classification of that parcel shall notify the assessor and may protest the assigned classification to the March board of review."). The notice of assessment included particularized information about the Board's meeting dates, times, deadlines, and other details. And after setting forth this information, the notice stated that "[f]iling a protest with the Board of Review is necessary to protect your right to further appeal valuation *and exemption disputes* to the Michigan Tax Tribunal . . . ." (Emphasis added.) The Township mailed this notice more than 14 days before the Board's meeting. See MCL 211.24c(4). The MTT's determination that Praxis received the notice of assessment is supported by the record, and Praxis does not dispute receiving it.

The Court of Appeals and Praxis relied in part on the Grand Rapids Press posting that included incorrect dates to conclude that the Township deprived Praxis of due process by creating confusion about when the Board would meet. Although the posting inaccurately stated in the bottom portion that appointments could be made "from March 1th [sic] through March 10th," the boldface body of the posting specified Board meeting

21

times on March 8, 2021, and March 9, 2021, only. It is therefore discernable from the face of the posting itself that its closing sentence—that appointments could be scheduled by contacting the assessor's office until March 10—was plainly erroneous. Moreover, although Praxis emailed its request for an appointment to respondent's assessor on March 10, there is no evidence that Praxis did so in reliance on the inaccurate portion of the posting.[17]

Praxis also argues that Baker's communications with Praxis's agents compounded the confusion because Baker encouraged the agents to file a letter appeal without providing a deadline for doing so. The Court of Appeals also relied on this fact. This argument is misplaced, however, because Baker provided statutorily accurate information to Karsten and Pohl when advising them to file a written letter appeal. See MCL 211.9m(3); MCL 211.9n(3). Baker was not required by statute to provide more information, nor did he provide inaccurate information. Viewing the circumstances as a whole—and, notably, the fact that Praxis received actual notice via the notice of assessment—Baker's failure to provide deadlines, give a hearing date, or advise Praxis's agents that the combined document had to be refiled to perfect the appeal did not deprive Praxis of due process.

Praxis's final argument on this issue concerns the undisputed fact that it was not advised of the requirement to file a combined document with its appeal—either in the denial notice or by Baker. However, as the MTT correctly held, Praxis did not appear

---

[17] Praxis never argued that it relied on the erroneous posting in its filings with the MTT, and neither Karsten nor Pohl asserted in their affidavits that they were confused by or relied on the posting. We do not foreclose the possibility that erroneous publications by a local taxing authority could affect the due-process analysis when a taxpayer relies on the error to their detriment, but there is no evidence that this happened here.

before the Board because it failed to file a timely written appeal, not because it failed to file a combined document. Thus, Praxis was not denied the opportunity to meaningfully challenge the denial on this basis and therefore was not denied due process.[18]

Taken together, the Township's denial notice, which stated that protest to the March Board of Review was required to protect appellate rights; the notice of assessment, which provided specific requirements for perfecting the protest; and the information provided by Baker to Praxis's agents, which was accurate (if less than complete), sufficed to protect Praxis's due-process rights. That is, the Township's notice efforts were "reasonably calculated, under all the circumstances," to apprise Praxis of the appeal process and to "afford them an opportunity to present their objections." *Sidun*, 481 Mich at 509 (quotation marks and citation omitted). While actual notice is not required for due process, *Jones*, 547 US at 226, "[f]undamental requirements of due process are satisfied if a party received actual notice," *Gillie v Genessee Co Treasurer*, 277 Mich App 333, 356 n 12; 745 NW2d 137 (2007), disavowed in part on other grounds by *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1 (2021). Further, "if timely actual notice has been achieved, defects in how it was served are rendered harmless." *In re Application of Int'l Transmission Co*, 304 Mich App 561, 568; 847 NW2d 684 (2014). Despite some shortcomings in the denial notice, including its failure to advise Praxis of the requirement to submit a combined document, Praxis received actual notice of the deadline and schedule for perfecting a written appeal to the Board in the notice of assessment. We therefore hold that Praxis's

---

[18] For this same reason, Praxis was not prevented from meaningfully challenging the denial by respondent's omission of a more specific statement of the reason for denial in the denial notice.

23

due-process rights were not violated.  Finding no constitutional violation, we further hold that there is no basis to waive the statutory jurisdictional requirement of protesting to the Board before proceeding to the MTT.

## IV.  CONCLUSION

Because Praxis failed to timely protest the exemption denial to the March Board of Review, and the notice provided by the Township to Praxis satisfied due process, we hold that the MTT did not have jurisdiction to hear Praxis's claim.  We therefore reverse the Court of Appeals judgment and reinstate the MTT's order dismissing the petition for lack of jurisdiction.

Megan K. Cavanagh
Elizabeth T. Clement
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden


THOMAS, J., did not participate because the Court considered this case before she assumed office.

24